EL PUEBLO DE PUERTO RICO, peticionario, *v.* RAMÓN A. MARTÍNEZ TORRES, acusado y recurrido.

*Número:* CE-88-682 *Resuelto:* 27 de junio de 1990

*Rafael Ortiz Carrión, Procurador General,* abogado de El Pueblo; *José Enrique Ayoroa Santaliz,* abogado del recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Por segunda ocasión llega a nuestra consideración este caso.[1] Ahora nos corresponde determinar el alcance de la cláusula constitucional que protege a los acusados contra una doble

---

[1] El 17 de febrero de 1988 revocamos la sentencia del tribunal de instancia que condenó al peticionario Ramón A. Martínez Torres a penas concurrentes de tres (3) a cinco (5) años y seis (6) meses. Dichas penas, que fueron suspendidas, correspondían respectivamente a infracciones al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404 (posesión de heroína), y a la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 1152(a) (desobedecer la señal para detenerse). *Pueblo v. Martínez Torres,* 120 D.P.R. 496 (1988).

exposición, según dispone la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1. Específicamente debemos resolver en qué momento se activa la protección contra procedimientos ulteriores tras la revocación de una convicción mediante apelación presentada por el acusado para revisar una determinación de culpabilidad.

I

*Los hechos*

Los hechos de este caso están reseñados en *Pueblo v. Martínez Torres*, 120 D.P.R. 496, 504–509 (1988).

La exigencia de motivos fundados no impide que los agentes del orden público actúen en forma coordinada y concertada en la persecución de un crimen. . . . No debe haber duda de que un policía puede actuar según la información provista por otro miembro de la fuerza y puede, simplemente, presumir la confiabilidad y certeza de lo comunicado. Sin embargo, cuando se cuestiona la validez de esta actuación en el contexto de una moción de supresión de evidencia, es necesario que se presente evidencia para establecer los motivos fundados que tuvo el agente que dio la orden o que originó la cadena de información que tuvo como resultado que se ordenase el arresto.

. . . . . . . .

En el caso de autos el problema consistió precisamente en que no se presentó prueba sobre motivos fundados. El tribunal no tuvo la oportunidad de evaluar la suficiencia de éstos. Aún subsiste la interrogante de si el sargento Meléndez Zambrana, el oficial de la Policía que originó el mensaje, tenía o no motivos fundados para solicitar que se realizara un arresto sin orden judicial. No desfiló prueba sobre este particular por lo que la prueba presentada, los *decks* de heroína, fueron incorrectamente admitidos en evidencia. Por lo tanto, *se revoca la sentencia y se devuelve el caso al tribunal de instancia para ulteriores procedimientos compatibles con lo aquí resuelto*. (Énfasis en el original.)

Una vez devuelto el caso al Tribunal Superior, éste, con fecha de 14 de marzo de 1988, dictó la resolución que transcribimos a continuación:

Consistente con lo resuelto por el Hon. Tribunal Supremo de Puerto Rico, Opinión y Sentencia de fecha 17 de febrero de 1988, CR-84-21, se señala una vista para el día 31 de marzo de 1988 a las 8:30 A.M., con el propósito de escuchar el testimonio del Sargento José A. Meléndez Zambrana para determinar si éste al ordenar por el sistema oficial de comunicación de la policía la detención del automóvil que conducía el acusado, tenía motivos fundados para hacerlo. Apéndice II.

El 30 de marzo de 1988 el acusado presentó un "Memorando de Derecho" en el que fundamentó su solicitud de que se dejara sin efecto la vista ordenada para el día siguiente y solicitó el archivo y sobreseimiento de las causas que motivaron dicho procedimiento. Señaló que al acusado le asiste la garantía constitucional contra una doble exposición; que de acuerdo a lo dispuesto en la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, *supra*, el acusado no puede ser puesto en riesgo de ser castigado dos (2) veces por el mismo delito.

El Ministerio Fiscal se opuso y alegó que este Tribunal no decretó "la absolución del acusado" sino que, por el contrario, nuestra opinión y mandato "se traducen en una concesión al acusado de un nuevo juicio". Apéndice I, pág. 4. Expuso, además, que dicho juicio no constituye una doble exposición, ya que el veredicto de culpabilidad fue revocado a instancias del propio acusado.

El tribunal de instancia, luego de analizar los planteamientos, mediante Resolución de 7 de noviembre de 1988 concluyó que al revocar de forma expresa la sentencia apelada ésta fue totalmente anulada e invalidada. Expresó que lo que resolvimos en *Pueblo v. Martínez Torres*, supra, fue:

Suprim[ir] la evidencia producto del arresto y registro del acusado *y resolv[er] que la sentencia de culpabilidad era nula, por el fundamento de que no se presentó prueba suficiente en Derecho para el Tribunal poder hacer la determinación de si existía causa probable para el arresto del acusado.*

Ello dependía de que el Sargento Meléndez Zambrana tuviera motivos fundados para solicitar a los otros agentes que realizaran un arresto sin orden judicial. . . . Ciertamente en su mandato el

Honorable Tribunal Supremo *no* ordenó un NUEVO JUICIO. (Énfasis suplido y en el original.) Apéndice I, pág. 5.

Luego de esto, instancia determinó que después de recibir el mandato de este Tribunal no podía actuar contrario a lo dispuesto en nuestra jurisprudencia ni seguir procedimientos ulteriores contrarios o incompatibles con derechos constitucionalmente garantizados al acusado recurrido. Señaló, además, que al acusado le asiste el derecho a no ser puesto en riesgo ni a ser castigado dos (2) veces por el mismo delito. De manera compatible con este señalamiento resolvió que, habiéndose completado todas las etapas del procedimiento criminal en este caso y habiendo ordenado este Tribunal la supresión de la evidencia y revocado las sentencias, no puede el Ministerio Público pedir un nuevo juicio para tener ótra oportunidad de presentar prueba contra el acusado. Interpretó nuestro mandato, al no ordenar éste la celebración de un nuevo juicio, como una sugerencia de que se celebrase una nueva vista con el propósito de determinar si efectivamente el sargento Meléndez Zambrana tuvo motivos fundados para ordenar por el sistema de radio teléfono el arresto del acusado. Resolvió que de celebrarse la vista y determinarse en la misma que el sargento no tenía motivos fundados para ordenar la determinación y el arresto del acusado procedería absolver a éste, pero si se determinaba que sí tenía motivos fundados tendría que ordenar un nuevo juicio y cobraría vigencia la doctrina de doble exposición. Ante esta situación concluyó que "el único remedio justo disponible e[ra] absolver libremente al imputado". Apéndice I, pág. 10.

Inconforme con esta resolución, el Procurador General presentó petición de *certiorari* en la cual levantó un solo señalamiento de error: que incidió el tribunal de instancia "al decretar la absolución del acusado, a base de una interpretación errónea del alcance de la cláusula constitucional de 'doble exposición'". Petición de *certiorari*, pág. 4.

Decidimos revisar y expedimos el auto.

## II

*La garantía de protección contra doble exposición o riesgo de ser castigado dos veces por el mismo delito*

Por mandato expreso de nuestra Constitución, en esta jurisdicción "nadie será puesto en riesgo de ser castigado dos veces por el mismo delito". Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1.[2] A pesar de que la Constitución en materia de derechos fundamentales se aplica *ex proprio vigore*, sin necesidad de que existan leyes habilitadoras, la protección constitucional contra la doble exposición ha sido recogida por nuestro ordenamiento procesal criminal. Así, el Art. 6 del Código de Enjuiciamiento Criminal de 1935 (34 L.P.R.A. sec. 6) establece claramente que "[n]inguna persona podrá ser procesada [por] segunda vez por un delito público, después de haber sido ya condenada o absuelta por el mismo delito". Por su parte, más recientemente, las Reglas de Procedimiento Criminal también recogen esta garantía de protección a los acusados. 34 L.P.R.A. Ap. II, R.64(e).

La Regla 64(e) de Procedimiento Criminal dispone lo siguiente:

REGLA 64. *FUNDAMENTOS DE LA MOCIÓN PARA DES-ESTIMAR*

La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

. . . . . . . .

(e) Que el acusado ha sido convicto, o ha estado expuesto a serlo, o ha sido absuelto del delito que se le imputa. Si la moción para desestimar se basare en este fundamento, la misma expresará el nombre bajo el cual el acusado fue convicto, expuesto a convicción o absuelto, y la fecha, tribunal y lugar de convicción, exposición o

---

(2) La garantía que ofrece esta cláusula constitucional "se fundamenta en la necesidad de proteger al ciudadano contra hostigamientos o persecuciones vejatorias por parte del Estado en el ejercicio de su IUS PUNIENDI". O.E. Resumil de Sanfilippo, *Naturaleza, alcance y extensión de la disposición constitucional contra la doble exposición,* 50 (Núms. 1–2) Rev. Jur. U.P.R. 21, 58 (1981).

absolución. La moción para desestimar podrá presentarse por cualquier acusado que hubiere sido absuelto por los méritos del caso, no obstante haber existido cualquier defecto en la acusación o denuncia.

█ Para poder levantar la defensa de doble exposición bajo la Regla 64(e) de Procedimiento Criminal, *supra*, es necesario que se den los requisitos siguientes: "1) Que se haya iniciado o celebrado un primer juicio: a) en un tribunal con jurisdicción, b) bajo un pliego acusatorio válido, [y] c) por el mismo delito por el que se le acusa en el segundo juicio o por uno subsumido, por el cual pudo haber resultado convicto en el primer juicio . . . . 2) Basta que el juicio haya comenzado, o sea, que la persona quede expuesta. En casos por jurado, el juicio comienza al tomársele el juramento definitivo [al jurado] para oficiar en la causa; en casos por tribunal de derecho, al tomársele el juramento al primer testigo". D. Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 3ra ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1989, pág. 113.

█ Esta garantía constitucional cobra vigencia ante una variedad de situaciones. La misma es aplicable cuando se comienza un segundo proceso por el mismo delito una vez ha recaído absolución en el primero o cuando se comienza un segundo proceso por el mismo delito luego de una convicción en el primer proceso. La razón de ser de esta protección radica en la concepción de que al Estado, con todos sus recursos y poder, no se le debe permitir que intente en repetidas ocasiones lograr la convicción de una persona por un alegado delito. De permitirse, además de aumentar la posibilidad de que el acusado aun siendo inocente pueda ser encontrado culpable, colocaría a dicha persona en un estado de incertidumbre, obligándolo a vivir ansioso e inseguro. Además, la cláusula de doble exposición también confiere protección contra un reprocesamiento cuando el juicio previo ha terminado sin que haya habido convicción o absolución. Esto se hace para evitar que el Estado tome ventaja sobre lo aprendido en el primer juicio en cuanto a la fortaleza del caso de la defensa y las debilidades de su propio caso. Esta cláusula también evita que un

mismo delito sea castigado más de una vez. 3 *LaFave and Israel, Criminal Procedure* Sec. 24.1, págs. 59–61 (1984).

En ocasiones anteriores nos hemos expresado sobre esta garantía constitucional en relación con su aplicación a diferentes situaciones fácticas procesales. A manera de ejemplo, véanse: *Pueblo v. Rivera Ramos,* 88 D.P.R. 612 (1963); *Ortiz Báez v. Tribunal Superior,* 98 D.P.R. 261 (1970); *Lugo v. Tribunal Superior,* 99 D.P.R. 244 (1970); *Pueblo v. Pagán Pagán,* 100 D.P.R. 532 (1972); *Mundo v. Tribunal Superior,* 101 D.P.R. 302 (1973); *Plard Fagundo v. Tribunal Superior,* 101 D.P.R. 444 (1973); *Pueblo v. Báez Cartagena,* 108 D.P.R. 381 (1979); *Pueblo v. Suárez Fernández,* 116 D.P.R. 842 (1986); *Pueblo v. Castro García,* 120 D.P.R. 740 (1988). No obstante, la controversia específica que hoy tenemos ante nuestra consideración plantea una situación novel. Nos lleva a considerar la aplicación de la cláusula contra doble exposición en aquellos casos en que se revoca una convicción por insuficiencia de la prueba *vis-à-vis* cuando se revoca por haberse cometido en instancia un error de derecho.

En su ilustrada comparecencia, el Procurador General plantea que el tribunal a quo erró al interpretar el alcance de *Burks v. United States,* 437 U.S. 1 (1978), y aplicar dicha interpretación a los hechos de este caso. *Burks v. United States,* supra, surge como corolario de la doctrina establecida en el caso de *United States v. Ball,* 163 U.S. 662 (1896), la cual reconoció como excepción a la prohibición constitucional contra una doble exposición la situación que se plantea cuando el propio acusado es el que solicita que le revoquen su convicción.

La decisión de *United States v. Ball,* supra, ha sido sostenida en casos posteriores. Véanse, entre otros: *United States v. Tateo,* 377 U.S. 463 (1964); *Forman v. United States,* 361 U.S. 416 (1960); *Yates v. United States,* 354 U.S. 298 (1957); *Sapir v. United States,* 348 U.S. 373 (1955); *Bryan v. United States,* 338 U.S. 552 (1950).[3]

---

[3] La opinión mayoritaria de *Burks v. United States,* 437 U.S. 1 (1978), surge como una reconsideración de la doctrina expuesta en *United States v. Ball,* 163 U.S. 662 (1896),

En 1978, al decidir *Burks v. United States*, supra, el Tribunal Supremo federal resolvió que la excepción establecida en *United States v. Ball*, supra, no era de aplicación en aquellos casos en que la revocación conseguida en el proceso apelativo estaba fundada en la insuficiencia de la prueba ofrecida en instancia para sostener un fallo o veredicto de convicción. Se limitó así la aplicación de la excepción de *United States v. Ball*, supra, a aquellas situaciones en que la revocación se funda en la comisión de un error del tribunal de instancia; un error de derecho. Y. Kamisar, W. LaFave, y J. Israel, *Modern Criminal Procedure*, Minnesota, Ed. West Publishing Co., 1986, Cap. 25, pág. 1417. En este sentido *Burks v. United States*, supra, págs. 16–17, señaló lo siguiente:

En resumen, la revocación debida a un error de derecho, distinto a cuando se trata de insuficiencia de la prueba, no constituye una decisión a los efectos de que el gobierno ha fallado en probar su caso. Como tal, nada implica respecto a la culpa o inocencia del acusado. Por el contrario, equivale a una determinación de que el acusado ha sido convicto mediante un proceso judicial defectuoso en algún aspecto fundamental, por ejemplo, *admisión o supresión incorrecta de la prueba*, instrucciones defectuosas o conducta indebida por parte del fiscal. *Cuando esto sucede, el acusado tiene un gran interés en obtener una justa readjudicación de su culpa libre de errores, así como la sociedad conserva la debida preocupación de asegurarse que los culpables sean castigados.*

No puede decirse lo mismo cuando la convicción de un acusado es revocada debido a la insuficiencia de la prueba en el juicio, en cuyo caso el Fiscal no puede alegar la existencia de prejuicio, pues ha tenido una justa oportunidad para ofrecer toda la prueba que pueda reunir. Más aún, tal revocación apelativa significa que el caso del gobierno era tan descarnado y débil que no debió someterse a la consideración del juzgador. (Traducción nuestra, escolio omitido y énfasis suplido.)

---

y seguida en los casos aquí mencionados. Esto se debió a que los casos que surgieron después de *United States v. Ball*, supra, por lo general no distinguían entre revocaciones debidas a errores de derecho y aquellas resultantes de insuficiencia de la prueba. Esto, en opinión del Tribunal Supremo de Estados Unidos, produjo un "estado de confusión conceptual" que fue aclarado en *Burks v. United States*, supra.

■ Vemos, pues, que existen dos (2) situaciones en las cuales el tribunal apelativo puede revocar una convicción: (1) cuando instancia ha cometido un error de derecho y (2) cuando la prueba del Ministerio Público, presentada y admitida, es insuficiente para sostener la convicción.

En el primer supuesto aplica la excepción establecida en *United States v. Ball*, supra, a los efectos de que una vez el acusado solicita la revocación de la sentencia en su contra está impedido de levantar la protección constitucional contra una doble exposición. Esto se debe al interés que tiene la sociedad en que aquellos que han violado sus leyes sean castigados. *United States v. Tateo*, supra.

En el segundo supuesto entra en operación la cláusula contra la doble exposición y se impide la celebración de otro proceso judicial por el mismo delito. La razón de ser de este curso de acción radica en la impermisibilidad de ofrecerle al Fiscal una segunda oportunidad cuando inicialmente se le ofreció un proceso justo y adecuado para desfilar toda la prueba que pudo reunir y no lo hizo. *Burks v. United States*, supra.

Al decidir *Burks v. United States*, supra, el Tribunal Supremo de Estados Unidos cualificó la excepción establecida en *United States v. Ball*, supra. Varios tratadistas norteamericanos coinciden con la interpretación anterior. Al referirse a la excepción de este caso sostienen que la misma "según prevalece hoy día, consiste en que la cláusula contra la doble exposición no impide un reprocesamiento cuando el acusado convicto se las ha arreglado para, a través de una apelación o algún otro procedimiento, *dejar sin efecto su convicción por otros fundamentos que no sean la insuficiencia de la prueba*". (Traducción nuestra y énfasis suplido.) *LaFave and Israel*, supra, Sec. 24.4, pág. 85.

Diez (10) años después de haberse resuelto *Burks v. United States*, supra, el Tribunal Supremo de Estados Unidos determinó, en un caso cuya controversia es muy similar a la de autos, que si la evidencia ofrecida por el Estado y admitida por el tribunal es suficiente para sostener un veredicto de culpabilidad, *independientemente de que dicha evidencia haya sido admitida errónea-*

*mente o no*, la cláusula contra la doble exposición no impide un nuevo proceso judicial. *Lockhart v. Nelson*, 488 U.S. 33 (1988).

El fundamento del Tribunal Supremo federal para tomar esta decisión radica en la consideración del proceso de admisión o supresión de evidencia como uno estrictamente de derecho, con la participación exclusiva del juez del tribunal en que se celebra el proceso contra el acusado. En este sentido expresó lo siguiente:

> Nos parece, sin lugar a dudas, que, esta situación fue descrita en Burks como una revocación por "error de derecho" —instancia erró al admitir una pieza particular de evidencia, y sin ella la evidencia era insuficiente para sostener un veredicto de convicción. Pero claramente *con esa* evidencia, era suficiente para sostener la sentencia.... Surge con toda claridad de nuestra opinión en Burks, que un tribunal revisor debe considerar toda la evidencia admitida por el tribunal de instancia al decidir si es permisible un nuevo juicio bajo la cláusula contra la Doble Exposición. . . . (Traducción nuestra y énfasis en el original.) *Lockhart v. Nelson*, supra, págs. 273–274.

■ En nuestra jurisdicción hemos tenido oportunidad de analizar, en parte, el asunto que aquí nos ocupa. En *Pueblo v. Pérez Martínez*, 84 D.P.R. 181 (1961), el apelante fue acusado del delito de asesinato en primer grado y un Jurado lo declaró convicto de asesinato en segundo grado. En su primera comparecencia ante nos, éste acudió en apelación y revocamos la sentencia que se le impuso débido a una instrucción errónea transmitida al Jurado referente a la defensa de coartada. Ordenamos la celebración de un nuevo juicio. Se celebró este nuevo proceso bajo la acusación original del delito de asesinato en primer grado. Nuevamente otro Jurado lo encontró culpable del delito de asesinato en segundo grado. Una vez sentenciado, el acusado interpuso otro recurso de apelación en el que planteó, entre otras cosas, que instancia erró al juzgarlo nuevamente por el delito de asesinato en primer grado cuando ya antes había sido convicto y sentenciado por asesinato en segundo grado. Básicamente, y en esencia, el acusado hizo un planteamiento de doble exposición. Al

resolver que no le asistía la razón,(4) manifestamos que un acusado está impedido de levantar la garantía constitucional contra doble exposición cuando a instancias del propio acusado se anuló el veredicto de convicción y se ordenó la celebración de un nuevo juicio. "El primer veredicto, habiendo sido anulado a instancias del acusado, no constituye una exposición anterior." *Pueblo v. Pérez Martínez*, supra, pág. 184. Véanse, además: *Pueblo v. Cortés del Castillo*, 86 D.P.R. 220 (1962); *Pueblo v. Sabater Mangual*, 95 D.P.R. 597 (1967). A pesar de que la revocación original en *Pueblo v. Pérez Martínez*, supra, se debió a un error de derecho —transmisión de una instrucción errónea al Jurado al resolver la controversia, al igual que sucedió durante más de medio siglo en la jurisdicción norteamericana, *United States v. Ball*, supra— no hicimos distinción alguna en cuanto a la aplicación de la cláusula de doble exposición entre aquellos casos en que la revocación obedece a un error de derecho y aquellos en que la revocación surge como resultado de la insuficiencia de la prueba. En consecuencia, nos corresponde hacerlo en este momento.

## III

*El proceso de admisión o exclusión de evidencia*

En *Pueblo v. Martínez Torres*, supra, revocamos la sentencia contra el aquí acusado por haberse admitido erróneamente como prueba de cargo las envolturas de heroína. En este primer proceso judicial llevado contra el recurrido, luego de presentadas las acusaciones, éste solicitó mediante moción la supresión de la evidencia ocupada. Esta moción fue declarada sin lugar. Posteriormente, en el juicio celebrado ante Jurado, la defensa planteó nuevamente, sin éxito alguno, la inadmisibilidad de la evidencia.

---

(4) No está ante nuestra consideración determinar si la decisión a que llegamos en el caso de *Pueblo v. Pérez Martínez*, 84 D.P.R. 181 (1961), en términos de si debió cobijar al allí apelante la cláusula contra doble exposición, estuvo correcta o no.

 En cuanto al momento en que debe presentarse una moción de supresión de evidencia "[h]emos resuelto que, como regla general, la solicitud y vista sobre supresión de evidencia *deberá hacerse y celebrarse antes del juicio*, pero que la solicitud, aun cuando se haya presentado y denegado previamente, puede reproducirse en el acto del juicio si de la prueba de cargo surge la ilegalidad del registro". (Énfasis en el original.) *Pueblo v. Rivera Rivera*, 117 D.P.R. 283, 289–290 (1986). Ahora bien, "[l]a defensa tiene que poner al tribunal en condiciones de resolver que las circunstancias específicas del caso ameritan o exigen que se permita reproducir la moción de supresión de prueba". *Pueblo v. Hernández Flores*, 113 D.P.R. 511, 516 (1982). Véanse, además: *Pueblo v. Rey Marrero*, 109 D.P.R. 739 (1980); *Pueblo v. Dolce*, 105 D.P.R. 422 (1976). Es menester señalar que, tanto antes del juicio como en el juicio mismo, la determinación de suprimir o no la evidencia le corresponde hacerla al juez. *Pueblo v. Rivera Rivera*, supra.

 En su comentario a la Regla 41(e) de Procedimiento Criminal federal, equivalente a nuestra Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el comentarista Orfield nos señala que aunque usualmente la moción de supresión de evidencia debe presentarse y resolverse antes del juicio, en ocasiones puede, y a veces debe, ser renovada durante el juicio. Añade que las interrogantes que surjan bajo esta regla, especialmente la suficiencia de la evidencia, *serán resueltas por el tribunal y no por el Jurado. Orfield, Criminal Procedure Under the Federal Rules* Sec. 41.54, págs. 742–743 (1967).

En este mismo sentido, nuestra Regla 9(A) de Evidencia, 32 L.P.R.A. Ap. IV, dispone lo siguiente:

Regla 9. *Determinaciones preliminares a la admisibilidad de evidencia*

(A) *Cuestiones preliminares en relación a* la capacidad de una persona para ser testigo, la existencia de un privilegio o *la admisibilidad de evidencia serán determinadas por el tribunal* sujeto a lo dispuesto en el inciso (B) de esta regla. Al hacer tales

determinaciones, el tribunal no queda obligado por las Reglas de Evidencia, excepto aquellas relativas a privilegios. (Énfasis suplido.)

 Esta regla se refiere a asuntos de derecho que hay que dirimir como paso previo a la admisibilidad de evidencia. Este es el proceso a seguir una vez se presenta una moción de supresión de evidencia durante el transcurso del proceso judicial. A pesar de que dicha determinación puede conllevar el aquilatamiento de algunas cuestiones de hecho, éstas serán dilucidadas preliminarmente por el juez en ausencia del Jurado. Al comentar la Regla 104(a) de Evidencia federal, equivalente a nuestra citada Regla 9(A), el comentarista McCormick advierte que "bajo el punto de vista tradicional y el principio generalmente aceptado el juez de instancia decide con carácter de finalidad las cuestiones de hecho preliminares sobre las que depende la admisibilidad de una pieza de evidencia que ha sido objetada a base de las reglas de exclusión de evidencia". E.W. Cleary, *McCormick on Evidence*, 3ra ed., Minnesota, Ed. West Publishing Co., 1984, pág. 135.

 De todo lo anterior se desprende, con suma claridad, que la determinación de conceder o denegar la admisión de evidencia es una función exclusiva del tribunal en la cual el Jurado no tiene ingerencia alguna. Es una determinación estrictamente de derecho.

IV

*Aplicación de las normas de derecho a los hechos de este caso*

Una vez aclarado que el proceso de admisión o exclusión de prueba es uno que nuestro ordenamiento procesal delega en el juez que entiende en las causas penales, es forzoso concluir que en el caso de autos el acusado recurrido no puede ampararse en la cláusula de doble exposición.

Tomando en consideración todo lo antes discutido sobre la aplicación de las normas de *Burks v. United States*, supra, y

*Lockhart v. Nelson*, supra, resolvemos, pues, que bajo las disposiciones de nuestra Constitución, de acuerdo con los hechos particulares acaecidos en este caso y a la situación procesal en que han ocurrido, el acusado apelante está impedido de reclamar la protección constitucional contra la doble exposición.

No se trata aquí de un caso de insuficiencia de la prueba. La sentencia contra el acusado fue revocada por haberse admitido en evidencia, contrario a derecho, las envolturas de heroína ocupadas. Es el error del tribunal al no ordenar la supresión lo que da paso a nuestra decisión de revocar la convicción. *Pueblo v. Martínez Torres*, supra. No le cobija al acusado recurrido la defensa de doble exposición.

## V

### *Disposición final del caso y conclusión*

Sostiene el Procurador General que "[e]n el caso de autos, ni siquiera se trata de celebrar nuevo juicio. El ulterior procedimiento es una vista ante el juez donde el ministerio público debe establecer la fuente de información que pudo haber tenido el Sargento Meléndez Zambrana para solicitar la intervención de los agentes con el acusado, a la luz de las directrices de la opinión de este honorable tribunal. . . . Si el Pueblo satisface su carga probatoria . . . se valida la admisión de los 'decks' de heroína y el tribunal reinsta[l]a la culpabilidad del acusado, según estimada por el jurado. El acusado podría recurrir a este honorable tribunal en [*certiorari*] para revisar la resolución del tribunal de instancia de que había 'motivos fundados', lo que acarrea la confirmación de la admisibilidad de la evidencia impugnada [sic]. Si por el contrario, se resuelve que no había tales 'motivos fundados', y tal determinación adviene firme, entonces estamos ante un problema de insuficiencia de prueba y el acusado está protegido contra un nuevo juicio bajo *Burks v. United States*, *supra*". Petición de *certiorari*, págs. 20–21.

Diferimos, en parte, del razonamiento del Procurador General. En *Pueblo v. Martínez Torres*, supra, revocamos la sentencia

recurrida e invalidamos la convicción que recayó contra el acusado. La efectividad de nuestra opinión revocatoria no puede estar sujeta al resultado adverso para el acusado de una vista de supresión de evidencia. Dicha sentencia, una vez revocada, perdió toda vigencia y aplicabilidad y no puede ser reinstalada. En la eventualidad de que se concluya, tras la celebración de una vista de supresión de evidencia, que existieron motivos fundados para el arresto y registro del acusado,(5) procede en ese momento la celebración de un nuevo juicio. Resolver lo contrario sería atentar contra el derecho del acusado a obtener un juicio justo así como contra el interés de la sociedad en castigar a aquel a quien se le ha probado claramente su culpabilidad luego de pasar por el tamiz de tal proceso judicial.

Por otro lado, si en la vista se determina la inexistencia de motivos fundados, el Estado admite —y así lo expone en su comparecencia— que estaríamos frente a un problema de insuficiencia de la prueba.

 Ahora bien, es norma establecida que, de ordinario, "una decisión suprimiendo una evidencia en particular necesariamente no implica el fin del caso; siempre existe la posibilidad de que el Ministerio Público pueda demostrar el día del juicio la culpabilidad del acusado más allá de duda razonable mediante la presentación de evidencia independiente y distinta a la suprimida". *Pueblo v. Rivera Rivera*, supra, pág. 290. Por entender que debemos garantizarle tal oportunidad al Estado, hemos resuelto "que un tribunal no tiene autoridad en ley para emitir un 'fallo absolutorio' en una vista señalada para la discusión de una moción de supresión de evidencia ya que dicho fallo sólo puede ser emitido en el contexto de un 'juicio'. Cualquier pronunciamiento a esos efectos dentro de una vista de supresión es un acto *ultra vires* y nulo que es revisable, por constituir una cuestión de derecho, ante

---

(5) De la determinación que tome instancia en cuanto a si procede o no suprimir la evidencia incautada, por tratarse de una determinación de derecho, puede acudir en revisión la parte a quien la misma le sea adversa mediante el recurso de *certiorari*. Véase *Pueblo v. Rivera Rivera*, 117 D.P.R. 283, 290 (1986).

el foro apelativo, procediendo la devolución del caso al foro de instancia para la celebración propiamente del 'acto del juicio' sin que se violente la garantía constitucional sobre doble exposición". Íd. La norma antes expuesta tiene vigencia en circunstancias normales, como las dadas en *Pueblo v. Rivera Rivera,* supra, en que nunca se celebró un juicio en los méritos y la "absolución" de algunos coacusados se dio en la vista de supresión de evidencia.

Sin embargo, en el caso de autos, debido a su evolución procesal particular, no es aplicable la norma antes enunciada. En este caso el Ministerio Público tuvo oportunidad de presentar su prueba contra el acusado recurrido. Debido a la admisión errónea de parte de dicha evidencia, revocamos la convicción que recayó contra el acusado. De determinarse —en la vista de supresión de evidencia que se ha de celebrar— la inexistencia de motivos fundados que hicieran permisible la intervención de los agentes con el acusado,(6) no procedería la celebración de un nuevo juicio, pues estaríamos ante un problema de insuficiencia de evidencia. El Procurador General así lo entiende y lo acepta. En este caso es impermisible la presentación de nueva evidencia por parte de la Fiscalía; no se le puede ofrecer una segunda oportunidad para que presente prueba que pudo traer en el primer proceso, pero que no lo hizo. Procede, por lo tanto, que se absuelva al acusado si, tras la celebración de la vista de supresión de la heroína incautada, se determina que no hubo motivos fundados para intervenir con éste.

Por todo lo antes expuesto, *se dictará sentencia en conformidad con lo que aquí se ha resuelto, mediante la cual se revoca la resolución recurrida emitida por el tribunal de instancia el 7 de noviembre de 1988 y se devuelve el caso para procedimientos ulteriores compatibles con esta opinión.*

El Juez Asociado Señor Negrón García concurre con el resultado por los fundamentos expuestos en su disenso de 17 de febrero de 1988. Allí concluyó que existía suficiente causa probable para arrestar y registrar al acusado recurrido Martínez

---

(6) Véase esc. 5.

Torres, por lo que no era necesario el testimonio del Sargento José A. Meléndez Zambrana. El Juez Asociado Señor Rebollo López hace constar que a pesar de que entiende que la opinión emitida por el Tribunal expone en forma aceptable ciertas doctrinas legales, *disiente* por cuanto es del criterio que el Tribunal, al confundir y aplicar erróneamente las mismas a los hechos particulares del caso, llega a un resultado completamente equivocado. En otras palabras, entiende que el recurrido Martínez Torres no puede ser juzgado nuevamente. *Grady v. Corbin*, 58 L.W. 4599 (1990).