Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Ángel Santos Santos<br><br>Peticionario | Certiorari<br><br>2013 TSPR 89<br><br>188 DPR ____ |
| --- | --- |

Número del Caso: CC-2011-98

Fecha: 9 de agosto de 2013

Abogado de la Parte Peticionaria:

      Lcdo. Elmer Rodríguez Berríos

Oficina del Procurador General:

      Lcda. Zaira Girón Anadón
      Subprocuradora General

Materia: Derecho Constitucional – Protección contra la Doble Exposición (Art. II, Secc. 11, Constitución del E.L.A. de Puerto Rico) – Admisión Errónea de Evidencia.- Nuevo Juicio.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO | | *Certiorari* |
| Recurrido | | |
| v. | **Núm.: CC-2011-0098** | |
| ÁNGEL SANTOS SANTOS | | |
| Peticionario | | |

Opinión del Tribunal emitida por el Juez Asociado señor FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 9 de agosto de 2013.

## I

Nos corresponde determinar si ante la revocación de una convicción por la admisión errónea de prueba corresponde decretar la absolución del acusado, o si por el contrario, procede que se celebre un nuevo juicio.

El 31 de mayo de 2012, emitimos una Opinión en el caso de epígrafe, Pueblo v. Santos Santos, 185 D.P.R. 709 (2012), en la que resolvimos que se viola el derecho de confrontación de un acusado al admitir en su contra un informe químico forense sin la comparecencia en el juicio del analista que lo produjo. Dictaminamos que dicha prueba era por lo tanto inadmisible. Al Ministerio Público no poder probar más allá de duda razonable la culpabilidad del acusado, se revocó la Sentencia

condenatoria emitida por el Tribunal de Primera Instancia y se absolvió al acusado.

En esta ocasión, reconsideramos nuestra posición a los únicos efectos de resolver que lo procedente en una situación como ésta es la celebración de un nuevo juicio. Veamos.

## II

Los hechos de este caso se encuentran expuestos correctamente en la Opinión previamente articulada por este Tribunal, por lo que es innecesario repetirlos aquí de manera detallada. Lo que se incluye es una recopilación breve de los hechos relevantes a la controversia.

El Sr. Ángel Santos Santos (señor Santos) fue declarado culpable por el Tribunal de Primera Instancia por una violación a la Ley de Sustancias Controladas. Inconforme con tal determinación, recurrió ante el Tribunal de Apelaciones solicitando la revocación de su convicción. No obstante, la misma fue confirmada. Insatisfecho aún, pero en esta ocasión con la determinación del foro apelativo intermedio, el señor Santos recurrió ante nos mediante un recurso de *certiorari*. Argumentó que, debido a que no tuvo oportunidad de contrainterrogar al funcionario que preparó el análisis químico y redactó el informe de la evidencia ocupada durante su arresto, el Tribunal de Primera

Instancia erró al admitir dicho informe en evidencia. Sostuvo, además, que el Ministerio Público no logró probar su culpabilidad más allá de duda razonable.

En aquella ocasión concluimos que, de acuerdo a la jurisprudencia normativa, se violó el derecho de confrontación del señor Santos al no presentar como testigo al analista que preparó el informe que fue admitido como evidencia. Determinamos, sin embargo, que la admisión o exclusión errónea de evidencia en violación al derecho de confrontación no acarrea la revocación automática de la Sentencia recurrida. Pasamos entonces a revisar dicha Sentencia bajo la doctrina de error constitucional no perjudicial. Según esta doctrina, la sentencia recurrida debía ser confirmada si el Ministerio Público hubiera probado más allá de duda razonable que, de no haber cometido el error, lo más probable es que el resultado hubiera sido el mismo. Resolvimos que el Ministerio Público no pudo satisfacer ese estándar, ya que excluido el informe de análisis químico, el Estado no contaba con suficiente prueba para probar un elemento del delito. En fin, revocamos la Sentencia recurrida y absolvimos al señor Santos.

Contra esta determinación compareció el entonces Procurador General de Puerto Rico, Hon. Luis R. Román Negrón, mediante una Moción de Reconsideración Parcial. Solicitó reconsideración sólo en cuanto al remedio otorgado al señor Santos tras la revocación de su

Sentencia, es decir, su absolución. Sostuvo que, como resultado de la revocación de una sentencia condenatoria por razón de la admisión errónea de la prueba de cargo, el remedio correspondiente es un nuevo juicio.

Acogida la Moción de Reconsideración Parcial presentada por el Procurador General, procedemos a resolver.

### III

La garantía de protección contra la doble exposición, o el riesgo a ser castigado dos (2) veces por el mismo delito, es un principio básico de nuestra tradición jurídica que tutela intereses de suma importancia. Pueblo v. Paonesa Arroyo, 173 D.P.R. 203 (2008); Pueblo v. Santiago, 160 D.P.R. 618 (2003). Dicha garantía se consagró tanto en nuestra Constitución, la cual establece expresamente que "[n]adie será puesto en riesgo de ser castigado dos veces por el mismo delito",[1] así como en su contraparte federal.[2] La Quinta Enmienda de la Constitución de los Estados Unidos dispone que "n[o] podrá nadie ser sometido por el mismo delito dos veces a un

---

[1]    Art. II, Sec. 11, Const. P.R., L.P.R.A., Tomo 1, ed. 2008, pág. 343.

[2]    La protección contra la doble exposición también está recogida en el Artículo 6 del Código de Enjuiciamiento Criminal, el cual dispone que "[n]inguna persona podrá ser procesada por segunda vez por un delito público, después de haber sido ya condenada o absuelta por el mismo delito." 34 L.P.R.A. 6 (2004). Este principio, además, se encuentra en las Reglas de Procedimiento Criminal, las cuales permiten que se utilice la exposición anterior como fundamento de desestimación del pliego acusatorio. Regla 64(e) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(e) (2004 y Supl. 2011); Pueblo v. Martínez Torres, 126 D.P.R. 561 (1990); D. Nevares-Muñiz, Sumario de Derecho Procesal Penal Puertorriqueño, 8va ed. Rev., San Juan, Ed. Instituto para el Desarrollo del Derecho, Inc., 2007, sec. 10.416, págs. 137-140.

juicio que pueda ocasionarle la pérdida de la vida o la integridad corporal…", Emda. Art. V, Const. EE. UU., L.P.R.A., Tomo 1, ed. 2008, pág. 189. Por ser considerado un derecho fundamental, esta garantía constitucional es aplicable a los estados y a Puerto Rico a través de la cláusula del debido proceso de ley de la Decimocuarta Enmienda de la Constitución de los Estados Unidos. Lugo v. Tribunal Superior, 99 D.P.R. 244 (1970); Benton v. Maryland, 395 U.S. 784 (1969).

La cláusula contra la doble exposición de la Constitución federal tiene el propósito de "equilibrar la posición del gobierno y el individuo, y desalentar el exceso abusivo del temible poder de la sociedad…." Pueblo v. Tribunal Superior, 104 D.P.R. 626, 628 (1976) (citando a Gori v. United States, 367 U.S. 364, 372 (1961)).[3] Las protecciones conferidas por esta disposición constitucional buscan evitar que el Estado utilice todos sus recursos y poderes para abusar de su autoridad, hostigando así a un ciudadano mediante múltiples procedimientos por el mismo delito. De esto permitirse, se colocaría al ciudadano en un constante estado de incertidumbre. La protección contra la doble exposición además evita que el Estado, habiendo ya aprendido en el

---

[3]    Como hemos indicado anteriormente, debido a que la garantía contra la doble exposición de nuestra Constitución fue incorporada con la intención de asegurarle a los puertorriqueños los mismos derechos que se habían consagrado bajo el derecho común, la jurisprudencia estadounidense es de particular importancia al interpretar esta cláusula. Pueblo v. Santiago, 160 D.P.R. 618, 627 n. 8 (2003).

primer juicio las fortalezas del caso de la defensa y las debilidades en su propio caso, utilice esta información para su beneficio en un segundo juicio. Pueblo v. Santiago, *supra*; Pueblo v. Martínez Torres, 126 D.P.R. 561 (1990); Green v. U.S., 355 U.S. 184 (1957).

Para poder invocar esta protección constitucional, es indispensable que se satisfagan varios requisitos. Como cuestión de umbral, los procedimientos celebrados contra el acusado tienen que ser de naturaleza penal. Es necesario también que se haya iniciado o celebrado un primer juicio,[4] bajo un pliego acusatorio válido y en un tribunal con jurisdicción. Por último, el segundo proceso al cual se somete al perjudicado tiene que ser por el mismo delito por el cual ya fue convicto, absuelto o expuesto. Pueblo v. Santiago, *supra*.

La cláusula contra la doble exposición abarca cuatro protecciones, a saber, contra (1) ulterior exposición tras absolución por la misma ofensa; (2) ulterior exposición tras convicción por la misma ofensa; (3) ulterior exposición tras exposición anterior por la misma ofensa; (4) castigos múltiples por la misma ofensa. Pueblo v. Santiago, *supra*; Pueblo v. Martínez Torres, *supra*; Ohio v. Johnson, 467 U.S. 493 (1984); E.L. Chiesa Aponte, Derecho

---

[4] En casos de juicio por jurado, se considera comenzado el juicio cuando se toma juramento definitivo al jurado, mientras que en un juicio por tribunal de derecho el juicio comienza cuando se toma juramento al primer testigo. Pueblo v. Martínez Torres, *supra*; Nevares Muñiz, op. cit., sec. 10.416, pág. 138.

Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1992, Vol. II, sec. 16.1 (B), pág. 354.

La protección que nos ocupa en el caso de autos es la que opera tras la convicción de un acusado. Como norma general, la garantía constitucional contra la doble exposición impide que el Estado vuelva a acusar a una persona por un delito por el cual ya fue convicto. Pero esta protección no aplica cuando un acusado apela su sentencia condenatoria y logra revocar su convicción. U.S. v. Tateo, 377 U.S. 463 (1964); Ball v. U.S., 163 U.S. 662 (1896). Véase también 6 LaFave and Israel, Criminal Procedure Sec. 25.4(a), pág. 640 (2007). Ante esa situación, se entiende que el acusado asintió implícitamente a ser procesado nuevamente por el mismo delito y, consecuentemente, se expuso a sí mismo a un nuevo juicio. Es razonable, entonces, que el acusado no pueda quejarse de cualquier procedimiento ulterior en instancia. Chiesa Aponte, op. cit., sec. 16.3 (B), págs. 395-396. Véase también Pueblo v. Pérez Martínez, 84 D.P.R. 181 (1961).

Ahora bien, dicha excepción no aplica siempre que se haya revocado la convicción de un acusado. En el normativo Burks v. U.S., 437 U.S. 1 (1978), el Tribunal Supremo federal resolvió que la cláusula contra la doble exposición prohíbe un segundo juicio cuando la revocación concedida en el proceso apelativo se fundamenta en la insuficiencia de prueba para sostener un veredicto de

convicción. El Tribunal razonó que, de haber el tribunal de instancia concluido que el Estado no logró presentar prueba suficiente para probar más allá de duda razonable la culpabilidad del acusado, hubiera decretado su absolución. Una absolución tras una determinación de insuficiencia de prueba, como corolario de la mencionada protección constitucional, impide que el Estado inicie otro enjuiciamiento por el mismo delito.[5] A raíz de dicho efecto absolutorio, el Tribunal Supremo federal estimó que es indiferente si la determinación de insuficiencia de prueba fue hecha por el tribunal de instancia o por el tribunal apelativo. Íd.; LaFave and Israel, Criminal Procedure, *supra,* Sec. 25.4(b), pág. 643. Una distinción a estos efectos, como correctamente concluyó el Tribunal, sería "purely arbitrary". Burks v. U.S., *supra*, pág. 11.

Otra es la situación si la revocación de la sentencia condenatoria resulta de la comisión de un error de derecho.[6] Es generalmente conocido que en estos casos la cláusula contra la doble exposición no obstaculiza

---

[5] Véanse U.S. v. Scott, 437 U.S. 82 (1978); Fong Foo v. U.S., 369 U.S. 141 (1962). Cabe notar que la absolución que impide ulteriores procedimientos tiene que ser una en sus méritos, "en el sentido de juicio del juzgador de hechos de que la prueba es insuficiente para una convicción…." E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1992, Vol. II, sec. 16.2 (A), pág. 368. Recientemente, el Tribunal Supremo federal reafirmó que este tipo de absolución tiene que ser una basada en consideraciones sustantivas. Véase Evans v. Michigan, 133 S.Ct. 1069, 568 U.S. ___ (2013).

[6] Un error de derecho es un defecto en el proceso judicial que culmina en la condena del acusado, y que no está relacionado a la inocencia o la culpabilidad del acusado. Ejemplos de errores de derecho son: error en las instrucciones al jurado, **la admisión o exclusión errónea de prueba**, la conducta impropia de un fiscal, entre otros. D. Rudstein, Double Jeopardy: A Reference Guide to the United States Constitution, Westport, Ed. Praeger, 2007, págs. 98-99; Chiesa Aponte, op. cit., sec. 16.3 (B), pág. 403.

ulteriores procedimientos por el Estado y, por consiguiente, permite un nuevo juicio. Montana v. Hall, 481 U.S. 400 (1987); Burks v. U.S., *supra*; U.S. v. Tateo, *supra*.

En Burks v. U.S., *supra*, el Tribunal distinguió entre la revocación por insuficiencia de prueba y la revocación por un error de derecho, la cual en nada implica la culpabilidad del acusado. La primera es una decisión a los efectos de que el Estado falló en probar su caso, por lo que el mismo era tan deficiente que nunca debió ser sometido ante el tribunal. La segunda, por otro lado, es una determinación de que el acusado ha sido convicto mediante un proceso judicial fundamentalmente defectuoso. Íd.

El Tribunal Supremo federal ha ofrecido varias justificaciones de por qué procede un nuevo juicio tras la revocación de una convicción por un error de derecho, pero el razonamiento primero expuesto en U.S. v. Tateo, *supra*, y luego reiterado en Burks v. U.S., *supra*, es el que, según el propio Tribunal, refleja la justificación más razonable para esta norma. Véase D. Rudstein, Double Jeopardy: A Reference Guide to the United States Constitution, Westport, Ed. Praeger, 2007, págs. 98-99. El Tribunal Supremo federal puso énfasis en el interés de la sociedad en la administración de la justicia. Reconoció que sería muy oneroso para la sociedad que el Estado le conceda inmunidad contra ulterior exposición a

todo acusado que sufra de un procedimiento judicial defectuoso. Burks v. U.S., *supra*; U.S. v. Tateo, *supra*. El Tribunal concluyó que: "the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished…." Burks v. U.S., *supra*, pág. 15.

Luego de la norma establecida en Burks v. U.S., *supra*, surgió la interrogante de qué remedio procedía cuando la prueba admitida en el juicio era suficiente para una convicción, pero en apelación se determinaba que hubo un error en su admisión, de manera que excluida esa evidencia el resto de la prueba presentada es insuficiente para probar la comisión del delito más allá de duda razonable. Esto quedó resuelto en Lockhart v. Nelson, 488 U.S. 33 (1988). Allí se estableció que en casos "where the evidence offered by the State and admitted by the trial court-whether erroneously or not-would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial." Íd. pág. 34.

Al resolver Lockhart v. Nelson, *supra*, el Tribunal Supremo federal reiteró el razonamiento esbozado previamente en Burks v. U.S., *supra*, sosteniendo que una revocación por insuficiencia de evidencia emitida por un tribunal apelativo tiene el mismo efecto absolutorio que una absolución en sus méritos concedida luego de finalizado un juicio en un tribunal inferior. Debido a

que al conceder una absolución en sus méritos el tribunal de instancia consideraría toda la evidencia presentada ante él, el Tribunal Supremo federal entendió que le correspondía al tribunal apelativo considerar el mismo *quantum* de evidencia que el tribunal *a quo*. Lockhart v. Nelson, *supra*. Por lo tanto, al decidir si es permisible un nuevo juicio bajo la protección constitucional contra la doble exposición, el tribunal apelativo debe considerar toda la prueba admitida en juicio.

En Puerto Rico adoptamos las normas establecidas en Burks v. U.S., *supra*, y en Lockhart v. Nelson, *supra*, en el caso de Pueblo v. Martínez Torres, *supra*. Resolvimos que un acusado cuya sentencia fue revocada por una admisión errónea de evidencia, la cual, de ser excluida, convertiría al resto de la prueba en insuficiente para sostener una convicción, "está impedido de reclamar la protección constitucional contra la doble exposición". Íd. pág. 576. Concluimos, además, que el acusado no podía ampararse en la referida cláusula debido a que la sentencia contra el acusado fue revocada por un error de derecho, es decir, por evidencia erróneamente admitida, y no por insuficiencia de prueba. Íd.

**IV**

El Procurador General argumenta en su moción de reconsideración que debemos reexaminar nuestra decisión de

absolver al acusado, pues lo que procede conforme a derecho es un nuevo juicio.  Le asiste la razón.

Primeramente, cabe señalar que el hecho de que haya habido un fallo absolutorio inicialmente por parte de este Tribunal como parte del proceso apelativo no es óbice para que podamos reconsiderar dicho proceder.  El Tribunal Supremo de Estados Unidos en United States v. Wilson, 420 U.S. 332 (1975), estableció que cuando un tribunal falla a favor de un acusado luego de emitido un veredicto de culpabilidad, el Estado puede apelar esa determinación sin quebrantar la cláusula constitucional que prohíbe la doble exposición.  Véase, además, Smith v. Massachusetts, 543 U.S. 462 (2005).  A base de lo resuelto en United States v. Wilson, supra, nuestra actuación de reconsiderar nuestro dictamen anterior en este caso no ofende la cláusula constitucional aludida.  Por lo tanto, el Ministerio Público no quebranta ninguna garantía constitucional cuando recurre o solicita reconsideración de una determinación que deja sin efecto una convicción.

Por otro lado, como correctamente expone el Procurador General, la distinción reconocida en la jurisprudencia de Puerto Rico y los Estados Unidos entre una revocación de una convicción por insuficiencia de prueba y una revocación por un error de derecho es una "bien concebida".  Si la prueba presentada en el juicio por el Ministerio Público, incluyendo la erróneamente admitida, es insuficiente para una convicción, la

protección constitucional contra la doble exposición se activa e impide que el Estado reprocese al acusado. Ello, debido a que en estos casos lo que procede es la absolución del acusado, independientemente de si la insuficiencia de prueba fue decretada por el tribunal de instancia o por un tribunal apelativo. No obstante, si la prueba admitida originalmente era suficiente, y la insuficiencia sólo surge al decretarse su inadmisibilidad por el tribunal apelativo, el Procurador General sostiene que es razonable que el Ministerio Público tenga la oportunidad de subsanar el defecto mediante un nuevo juicio.

Conceder un nuevo juicio tras una revocación por un error de derecho es, en efecto, razonable, debido a que no se violenta el derecho fundamental de un ciudadano a no ser castigado dos (2) veces por el mismo delito. En estas circunstancias, un nuevo juicio no quebranta los propósitos de la cláusula contra la doble exposición, ya que no constituye un abuso del poder del Estado. Un nuevo juicio, en realidad, busca proteger los intereses del acusado, brindándole una oportunidad de ser enjuiciado en un proceso justo, libre de errores y defectos. Lockhart v. Nelson, *supra*. Protege también el interés de la sociedad en castigar a los autores de los delitos, como mencionamos anteriormente, siendo perjudicial para la sociedad que se le conceda inmunidad a cada acusado como

consecuencia de cualquier error de derecho durante su juicio. <u>Lockhart v. Nelson</u>, *supra*; <u>Burks v. U.S.</u>, *supra*.

Cabe notar, además, que brindarle al Ministerio Público la oportunidad de instar procedimientos ulteriores contra el acusado y presentar nueva evidencia durante los mismos, no es una manera de beneficiar al Ministerio Público al permitirle utilizar información aprendida en el primer juicio en procedimientos ulteriores. Después de todo, del acusado haber prevalecido en su reclamo para subsanar el error de derecho cometido en su contra durante el juicio en instancia, el Ministerio Público hubiera tenido la oportunidad de presentar evidencia adicional en contra del acusado. La presentación de nueva evidencia durante el nuevo juicio, entonces, no le está proveyendo al Estado un "segundo turno al bate", pues meramente recrea lo que hubiera ocurrido si la mencionada admisión errónea se hubiera corregido durante el juicio. Véase <u>Lockhart v. Nelson</u>, *supra*. En síntesis, es una reversión procesal.

En el caso ante nos, la sentencia condenatoria del señor Santos fue revocada por este Foro debido a un error de derecho: la admisión errónea del informe de análisis químico. Como resultado, absolvimos al acusado. La moción de reconsideración del Procurador General y su ilustrada comparecencia nos brinda la oportunidad de reexaminar el remedio otorgado y clarificar lo que

realmente procede en derecho: la concesión de un nuevo juicio.

El hecho de que la exclusión de evidencia -aquí el informe de análisis químico- causara que decretáramos que el Ministerio Público no contaba con suficiente prueba para probar un elemento del delito no impide la concesión de un nuevo juicio. Cuando la insuficiencia de la prueba es resultado de una determinación de inadmisibilidad emitida por un tribunal apelativo, se debe caracterizar la revocación como un error de derecho. LaFave and Israel, Criminal Procedure, *supra,* Sec. 25.4(c), pág. 649. Véanse, además, Lockhart v. Nelson, *supra*; Burks v. U.S., *supra*. Le corresponde entonces al Ministerio Público la oportunidad de subsanar el defecto en el proceso judicial y continuar con los procesos ulteriores contra el acusado.

Por lo tanto, resolvemos que tras la revocación de la convicción del señor Santos por un error de derecho, procede que el Ministerio Público decida si persiste en su interés de encausar al acusado mediante la celebración de un nuevo juicio.

**V**

Por todo lo anterior, reconsideramos lo expuesto en Pueblo v. Santos Santos, *supra*, a los únicos fines de resolver que ante la revocación de una convicción por la admisión errónea de prueba el remedio es que se celebre un nuevo juicio.

Se    dictará    Sentencia    en    Reconsideración    de
conformidad.



                        ROBERTO FELIBERTI CINTRÓN
                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ÁNGEL SANTOS SANTOS<br><br>Peticionario | Núm.: **CC-2011-0098** | *Certiorari* |

SENTENCIA
(En Reconsideración)

En San Juan, Puerto Rico, a 9 de agosto de 2013.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, reconsideramos lo expuesto en Pueblo v. Santos Santos, 185 D.P.R. 709 (2012), a los únicos fines de resolver que ante la revocación de una convicción por la admisión errónea de prueba el remedio es que se celebre un nuevo juicio.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton disiente haciendo constar las siguientes expresiones:

El Juez Presidente señor Hernández Denton disiente por entender que el fallo absolutorio emitido en Pueblo v. Santos Santos, 185 D.P.R. 709 (2012), impide que este Tribunal reconsidere su determinación para ordenar la celebración de un nuevo juicio. Véase Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1; Emda. V, Const. EE.UU., L.P.R.A., Tomo 1. Véase además, Green v. United States, 355 U.S. 184 (1957). La cláusula constitucional contra la doble exposición prohíbe la revisión contra toda absolución no importa cuán errónea parezca. Sanabria v. U.S., 437 U.S. 54, 64 (1978); U.S. v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977).

Ello es así debido a que el propósito principal de dicha cláusula es prevenir que un acusado sea sometido a múltiples procesos por un mismo delito. Sanabria v. U.S., *supra*, pág. 63. La única excepción a esta norma es cuando el tribunal declara con lugar una moción de absolución perentoria luego de un veredicto de culpabilidad. Pueblo v. Rivera Ortiz, 150 D.P.R. 457, 464-465 (2000). En estos casos, el Pueblo puede revisar el fallo de absolución, pues de prevalecer, el tribunal apelativo sólo tendría que reinstalar el veredicto de culpabilidad y proceder con el trámite de sentencia, sin necesidad de ulteriores procedimientos de presentación o evaluación de la prueba. Íd. Véase además, Pueblo v. Colón Burgos, 140 D.P.R. 564 (1996).

Por tal razón, el Pueblo no puede solicitar la revisión de una absolución cuando ello requiera la celebración de un proceso ulterior puesto que contraviene la cláusula contra la doble exposición. United States v. Wilson, 420 U.S. 332, 352-353 (1975). El Sr. Ángel Santos Santos fue absuelto tras determinar que "ante las circunstancias particulares de este caso, el Ministerio Público no logró probar más allá de duda razonable la culpabilidad del peticionario, por lo cual revocamos la sentencia recurrida y decretamos la absolución…". Pueblo v. Santos Santos, *supra*, pág. 746. Aunque en esa etapa procedía la celebración de un nuevo juicio, según discutido en la Opinión mayoritaria, ante ese fallo absolutorio no podemos revisar el mismo. En virtud de lo anterior, no puedo avalar el proceder de una mayoría de este Tribunal de acceder a lo solicitado por el Ministerio Público para ordenar un nuevo juicio y, en cambio, hubiese denegado la moción de reconsideración presentada.

La Jueza Asociada señora Fiol Matta disiente y se une a las expresiones del Juez Presidente señor Hernández Denton. La Juez Asociada señora Rodríguez Rodríguez disiente haciendo constar las siguientes expresiones:

La Juez Asociada señora Rodríguez Rodríguez disiente de la determinación del Tribunal de reconsiderar lo resuelto en *Pueblo v. Santos Santos*, 185 D.P.R. 709 (2012) y exponer al señor Santos Santos a un nuevo juicio luego de ser absuelto por este Tribunal. Aunque el

remedio adecuado cuando se revoca una sentencia condenatoria por admitirse evidencia erróneamente es la concesión de un nuevo juicio, *Pueblo v. Martínez Torres*, 126 D.P.R. 561, 576 (1990), debido a las circunstancias particulares de este caso procede sostener la absolución. El efecto práctico de conceder un nuevo juicio es otorgarle una segunda oportunidad al Ministerio Público para que corrija su error de no traer al analista que preparó el informe químico de la evidencia ocupada durante el arresto, actuación que violó el derecho constitucional de confrontación del señor Santos Santos. Lamento las expresiones que adopta una mayoría de este Tribunal al decir que "[l]a presentación de nueva evidencia durante el nuevo juicio… no le está proveyendo al Estado un 'segundo turno al bate', pues meramente recrea lo que hubiera ocurrido si la mencionada admisión errónea se hubiera corregido durante el juicio", Opinión del Tribunal, en la pág. 13, ya que de haber sido denegada la admisión del informe inicialmente, el Ministerio Público no hubiera podido utilizar el informe al no tener disponible el analista que lo preparó. Por otro lado, el señor Santos Santos ahora se enfrenta a una segunda exposición a una acusación por un delito del cual ya fue absuelto, luego de haber hecho valer su derecho constitucional a confrontar a los testigos de evidencia testimonial. *Crawford v. Washington*, 541 U.S. 36 (2004).

El Juez Asociado señor Estrella Martínez disiente haciendo constar las siguientes expresiones:

El Juez Asociado señor Estrella Martínez respetuosamente disiente. Por tratarse el informe de análisis químico de una declaración testimonial y por constituir el equivalente práctico del testimonio en corte que ofrecería un testigo en el interrogatorio directo, considero que en este caso particular nos encontramos ante la realidad de que el Estado no contaba con suficiente prueba para probar el delito más allá de duda razonable. En consecuencia, acertadamente absolvimos al señor Santos. El Estado confrontó un problema de insuficiencia de prueba, reconocido por este Tribunal, y ahora en etapa de reconsideración pretende subsanarlo

tardíamente.  Bajo los hechos particulares de este caso, no puedo avalar el criterio mayoritario de reducir a un mero error de derecho el pilar en el que se sustentó la absolución del acusado.  Por ello disiento y me sostengo en la totalidad de los fundamentos contenidos en <u>Pueblo v. Santos Santos</u>, 185 D.P.R. 709 (2012).



Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina