El Juez Asociado Señor Feliberti Cintrón
emitió la opinión del Tribunal.
I
Nos corresponde determinar si ante la revocación de una convicción por la admisión errónea de prueba corres-ponde decretar la absolución del acusado, o si, por el con-trario, procede que se celebre un nuevo juicio.
El 31 de mayo de 2012 emitimos una Opinión en el caso de epígrafe, Pueblo v. Santos Santos, 185 DPR 709 (2012), en la que resolvimos que se viola el derecho de confronta-ción de un acusado al admitir en su contra un informe químico forense sin la comparecencia en el juicio del ana-lista que lo produjo. Dictaminamos que dicha prueba era, por lo tanto, inadmisible. Como el Ministerio Público no pudo probar más allá de duda razonable la culpabilidad del acusado, se revocó la Sentencia condenatoria emitida por el Tribunal de Primera Instancia y se absolvió al acusado.
En esta ocasión, reconsideramos nuestra posición solo para resolver que en esta situación procedía celebrar un nuevo juicio. Veamos.
II
Los hechos de este caso se exponen correctamente en la Opinión previamente emitida por este Tribunal, por lo que es innecesario repetirlos aquí detalladamente. Lo que se incluye es una recopilación breve de los hechos relevantes a la controversia.
El Sr. Ángel Santos Santos (señor Santos) fue declarado culpable por el Tribunal de Primera Instancia por una vio-lación a la Ley de Sustancias Controladas de Puerto Rico. Inconforme con tal determinación, recurrió ante el Tribunal de Apelaciones para solicitar la revocación de su sentencia. No obstante, la misma fue confirmada. Insatis- *365 fecho aún, pero en esta ocasión con la determinación del foro apelativo intermedio, el señor Santos recurrió ante nos mediante un recurso de certiorari. Argumentó que, como no tuvo oportunidad de contrainterrogar al funciona-rio que preparó el análisis químico y redactó el informe de la evidencia ocupada durante su arresto, el Tribunal de Primera Instancia erró al admitir el informe en evidencia. Sostuvo, además, que el Ministerio Público no logró probar su culpabilidad más allá de duda razonable.
En aquella ocasión concluimos que, de acuerdo con la jurisprudencia normativa, se violó el derecho de confronta-ción del señor Santos al no presentar como testigo al ana-lista que preparó el informe que fue admitido como evidencia. Determinamos, sin embargo, que la admisión o exclusión errónea de evidencia en violación al derecho de confrontación no acarrea la revocación automática de la Sentencia recurrida. Pasamos entonces a revisar la Sen-tencia según la doctrina de error constitucional no perjudicial. Según esta doctrina, la Sentencia recurrida de-bía ser confirmada si el Ministerio Público hubiese probado más allá de duda razonable que, de no haber cometido el error, lo más probable es que el resultado hubiese sido el mismo. Resolvimos que el Ministerio Público no pudo sa-tisfacer ese estándar, ya que excluido el informe de análisis químico, el Estado no contaba con suficiente prueba para probar un elemento del delito. En fin, revocamos la Sen-tencia recurrida y absolvimos al señor Santos.
Contra esta determinación compareció el entonces Pro-curador General de Puerto Rico, Hon. Luis R. Román Ne-grón, mediante una Moción de Reconsideración Parcial. Solicitó reconsideración sólo en cuanto al remedio otorgado al señor Santos tras la revocación de su Sentencia, es decir, su absolución. Sostuvo que, como resultado de la revoca-ción de una sentencia condenatoria por admitir errónea-mente la prueba de cargo, el remedio correspondiente es un nuevo juicio.
*366 Acogida la Moción de Reconsideración Parcial presen-tada por el Procurador General, procedemos a resolver.
III
La garantía de protección contra la doble exposición, o el riesgo a ser castigado dos (2) veces por el mismo delito, es un principio básico de nuestra tradición jurídica que tutela intereses de suma importancia. Pueblo v. Paonesa Arroyo, 173 DPR 203 (2008); Pueblo v. Santiago, 160 DPR 618 (2003). Esta garantía se consagró tanto en nuestra Constitución, la cual establece expresamente que “[n]adie será puesto en riesgo de ser castigado dos veces por el mismo delito”,(1) así como en su contraparte federal.(2) La Quinta Enmienda de la Constitución de Estados Unidos dispone que “n[o] podrá nadie ser sometido por el mismo delito dos veces a un juicio que pueda ocasionarle la pérdida de la vida o la integridad corporal”. Emda. V, Const. EE. UU., LPRA, Tomo 1, ed. 2008, pág. 189. Por ser considerado un derecho fundamental, esta garantía constitucional aplica a los estados y a Puerto Rico a través de la cláusula del debido proceso de ley de la Decimocuarta Enmienda de la Constitución de Estados Unidos. Lugo v. Tribunal Superior, 99 DPR 244 (1970); Benton v. Maryland, 395 US 784 (1969).
La cláusula contra la doble exposición de la Constitución federal tiene el propósito de “equilibrar la posición *367 del gobierno y el individuo, y desalentar el exceso abusivo del temible poder de la sociedad’ Pueblo v. Tribunal Superior, 104 DPR 626, 628 (1976) (citando a Gori v. United States, 367 US 364, 372 (1961)).(3) Las protecciones confe-ridas por esta disposición constitucional buscan evitar que el Estado utilice todos sus recursos y poderes para abusar de su autoridad, hostigando así a un ciudadano mediante múltiples procedimientos por el mismo delito. Si esto se permite, colocaríamos al ciudadano en un constante estado de incertidumbre. La protección contra la doble exposición evita, además, que el Estado, habiendo ya aprendido en el primer juicio las fortalezas del caso de la defensa y las debilidades en su propio caso, utilice esta información para su beneficio en un segundo juicio. Pueblo v. Santiago, supra; Pueblo v. Martínez Torres, 126 DPR 561 (1990); Green v. United States, 355 US 184 (1957).
Para poder invocar esta protección constitucional, es indispensable que se satisfagan varios requisitos. Como cuestión de umbral, los procedimientos celebrados contra el acusado tienen que ser de naturaleza penal. Es necesario, también, que se haya iniciado o celebrado un primer juicio,(4) según un pliego acusatorio válido y en un tribunal con jurisdicción. Por último, el segundo proceso al cual se somete al perjudicado tiene que ser por el mismo delito por el cual ya fue convicto, absuelto o expuesto. Pueblo v. Santiago, supra.
La cláusula contra la doble exposición abarca cua- *368 tro protecciones, a saber, contra: (1) ulterior exposición tras absolución por la misma ofensa; (2) ulterior exposición tras convicción por la misma ofensa; (3) ulterior exposición tras exposición anterior por la misma ofensa; (4) castigos múltiples por la misma ofensa. Pueblo v. Santiago, supra; Pueblo v. Martínez Torres, supra; Ohio v. Johnson, 467 US 493 (1984); E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1992, Vol. II, Sec. 16.1(B), pág. 354.
La protección que nos ocupa en el caso de autos es la que opera luego de que un acusado es sentenciado. Como norma general, la garantía constitucional contra la doble exposición impide que el Estado vuelva a acusar a una persona por un delito por el cual ya fue sentenciado. Pero esta protección no aplica cuando un acusado apela su sentencia condenatoria y logra revocar su sentencia. United States v. Tateo, 377 US 463 (1964); Ball v. United States, 163 US 662 (1896). Véase, también, 6 LaFave and Israel, Criminal Procedure Sec. 25.4(a), pág. 640 (2007). Ante esa situación, se entiende que el acusado asintió implícitamente a ser procesado nuevamente por el mismo delito y, consecuentemente, se expuso a sí mismo a un nuevo juicio. Es razonable, entonces, que el acusado no se pueda quejar de cualquier procedimiento ulterior en instancia. Chiesa Aponte, op. cit., Sec. 16.3(B), págs. 395-396. Véase, también, Pueblo v. Pérez Martínez, 84 DPR 181 (1961).
Ahora bien, dicha excepción no aplica siempre que se haya revocado la sentencia de un acusado. En el normativo Burks v. United States, 437 US 1 (1978), el Tribunal Supremo federal resolvió que la cláusula contra la doble ex-posición prohíbe un segundo juicio cuando la revocación concedida en el proceso apelativo se fundamenta en la insuficiencia de prueba para sostener un veredicto de culpabilidad. El Tribunal razonó que si el tribunal de instancia hubiese concluido que el Estado no logró presentar prueba suficiente para probar más allá de duda razonable *369 la culpabilidad del acusado, habría decretado su absolución. Una absolución tras una determinación de in-suficiencia de prueba, como corolario de la mencionada protección constitucional, impide que el Estado inicie otro enjuiciamiento por el mismo delito.(5) A raíz de dicho efecto absolutorio, el Tribunal Supremo federal estimó que es indiferente si la determinación de insuficiencia de prueba la hizo el tribunal de instancia o el tribunal apelativo. íd.; LaFave and Israel, supra, Sec. 25.4(b), pág. 643. Una distinción a estos efectos, como correctamente concluyó el Tribunal, sería purely arbitrary. Burks v. United States, supra, pág. 11.
Otra es la situación si la revocación de la sentencia con-denatoria es el resultado de un error de derecho.(6) Es ge-neralmente conocido que en estos casos, la cláusula contra la doble exposición no obstaculiza que el Estado inste ulte-riores procedimientos y, por consiguiente, permite un nuevo juicio. Montana v. Hall, 481 US 400 (1987); Burks v. United States, supra; United States v. Tateo, supra.
En Burks v. United States, supra, el Tribunal distinguió entre la revocación por insuficiencia de prueba y la revoca-ción por un error de derecho, la cual en nada implica la culpabilidad del acusado. La primera es una decisión como resultado de que se considera que el Estado falló en probar su caso, porque era tan deficiente que nunca debió ser so- *370 metido ante el tribunal. En la segunda, por otro lado, se determina que el acusado ha sido convicto mediante un proceso judicial fundamentalmente defectuoso. íd.
El Tribunal Supremo federal ha ofrecido varias justificaciones de por qué procede un nuevo juicio tras la revocación de una sentencia por un error de derecho, pero el razonamiento primero expuesto en United States v. Tateo, supra, y luego reiterado en Burks v. United States, supra, es el que, según el propio Tribunal, refleja la justificación más razonable para esta norma. Véase D.S. Rudstein, Double Jeopardy: A Reference Guide to the United States Constitution, Westport, Praeger, 2007, págs. 98-99. El Tribunal Supremo federal puso énfasis en el interés de la so-ciedad en la administración de la justicia. Reconoció que sería muy oneroso para la sociedad que el Estado le con-ceda inmunidad contra ulterior exposición a todo acusado que sufra de un procedimiento judicial defectuoso. Burks v. United States, supra; United States v. Tateo, supra. El Tribunal concluyó:
[...] the accused has a strong interest in obtaining a fair read-judication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished. Burks v. United States, supra, pág. 15.
Luego de la norma establecida en Burks v. United States, supra, surgió la interrogante de qué remedio procedía cuando la prueba admitida en el juicio era suficiente para sentenciar, pero en apelación se determinaba que hubo un error en su admisión, de manera que excluida esa evidencia, el resto de la prueba presentada era insuficiente para probar que se ha cometido el delito más allá de duda razonable. Esto quedó resuelto en Lockhart v. Nelson, 488 US 33 (1988). Allí se estableció:
[I]n cases such as this, where the evidence offered by the State and admitted by the trial court-whether erroneously or not-would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial. Íd., pág. 34.
*371 Al resolver Lockhart v. Nelson, supra, el Tribunal Supremo federal reiteró el razonamiento esbozado previamente en Burks v. United States, supra, sosteniendo que una revocación por insuficiencia de evidencia emitida por un tribunal apelativo tiene el mismo efecto eximente que una absolución en sus méritos concedida luego de finalizado un juicio en un tribunal inferior. Como al conceder una absolución en sus méritos el tribunal de instancia consideraría toda la evidencia presentada ante él, el Tribunal Supremo federal entendió que le correspondía al tribunal apelativo considerar el mismo quantum de evidencia que el tribunal a quo. Lockhart v. Nelson, supra. Por lo tanto, al decidir si es permisible un nuevo juicio bajo la protección constitucional contra la doble exposición, el tribunal apela-tivo debe considerar toda la prueba admitida en el juicio.
En Puerto Rico adoptamos las normas establecidas en Burks v. United States, supra, y en Lockhart v. Nelson, supra, en el caso de Pueblo v. Martínez Torres, supra. Resolvimos que un acusado cuya sentencia fue revocada por una admisión errónea de evidencia, la cual, de ser ex-cluida, convertiría al resto de la prueba en insuficiente para sostener una sentencia, “está impedido de reclamar la protección constitucional contra la doble exposición”. Id., pág. 576. Concluimos, además, que el acusado no se podía amparar en la referida cláusula porque la sentencia en su contra fue revocada por un error de derecho, es decir, por evidencia erróneamente admitida, y no por insuficiencia de prueba. Id.
IV
El Procurador General argumenta en su moción de re-consideración que debemos reexaminar nuestra decisión de absolver al acusado, pues lo que procede conforme a derecho es un nuevo juicio. Le asiste la razón.
Primeramente, es necesario señalar que el hecho *372 de que inicialmente este Tribunal haya emitido un fallo absolutorio como parte del proceso apelativo no es óbice para que podamos reconsiderar ese proceder. El Tribunal Supremo de Estados Unidos, en United States v. Wilson, 420 US 332 (1975), estableció que cuando un tribunal falla a favor de un acusado luego de haberse emitido un veredicto de culpabilidad, el Estado puede apelar esa determinación sin quebrantar la cláusula constitucional que prohíbe la doble exposición. Véase, además, Smith v. Massachusetts, 543 US 462 (2005). Abase de lo resuelto en United States v. Wilson, supra, reconsiderar nuestro dictamen anterior en este caso no ofende la cláusula constitucional aludida. Por lo tanto, el Ministerio Público no quebranta ninguna garantía constitucional cuando recurre o solicita reconsideración de una determinación que deja sin efecto una sentencia.
Por otro lado, como correctamente expone el Procurador General, la distinción reconocida en la jurisprudencia de Puerto Rico y Estados Unidos entre la revocación de una sentencia por insuficiencia de prueba y una revocación por un error de derecho es “bien concebida”. Si la prueba que presenta el Ministerio Público en el juicio, incluso la erróneamente admitida, es insuficiente para una sentencia, la protección constitucional contra la doble ex-posición se activa e impide que el Estado reprocese al acusado. Ello, ya que en estos casos lo que procede es la absolución del acusado, independientemente de si la insuficiencia de prueba la decretó el tribunal de instancia o un tribunal apelativo. No obstante, si la prueba admitida originalmente era suficiente, y la insuficiencia sólo surge cuando el tribunal apelativo decreta su inadmisibilidad, el Procurador General sostiene que es razonable que el Ministerio Público tenga la oportunidad de subsanar el defecto mediante un nuevo juicio.
Conceder un nuevo juicio tras una revocación por un error de derecho es, en efecto, razonable, ya que no se vio- *373 lenta el derecho fundamental de un ciudadano a no ser castigado dos veces por el mismo delito. En estas circunstancias, un nuevo juicio no quebranta los propósitos de la cláusula contra la doble exposición porque no constituye un abuso de poder del Estado. Un nuevo juicio, en realidad, busca proteger los intereses del acusado pues le brinda una oportunidad de ser enjuiciado en un proceso justo, libre de errores y defectos. Lockhart v. Nelson, supra. Protege también el interés que tiene la sociedad en castigar a los auto-res de los delitos, como mencionamos anteriormente, por-que es perjudicial para la sociedad que se le conceda inmunidad a cada acusado como consecuencia de cualquier error de derecho durante su juicio. Lockhart v. Nelson, supra; Burks v. United States, supra.
Es necesario destacar, además, que brindarle al Minis-terio Público la oportunidad de instar procedimientos ulte-riores contra el acusado y presentar nueva evidencia du-rante los mismos, no es una manera de beneficiarlo al permitir que utilice información aprendida en el primer juicio en procedimientos ulteriores. Después de todo, del acusado haber prevalecido en su reclamo para subsanar el error de derecho cometido en su contra durante el juicio en instancia, el Ministerio Público hubiera tenido la oportuni-dad de presentar evidencia adicional en contra del acusado. La presentación de otra evidencia durante el nuevo juicio, entonces, no le provee al Estado un “segundo turno al bate”, pues meramente recrea lo que hubiese ocu-rrido si la mencionada admisión errónea se hubiera corre-gido durante el juicio. Véase Lockhart v. Nelson, supra. En síntesis, es una reversión procesal.
En el caso ante nos, este Foro revocó la sentencia conde-natoria del señor Santos por un error de derecho: la admi-sión errónea del informe de análisis químico. Como resul-tado, absolvimos al acusado. La moción de reconsideración del Procurador General y su ilustrada comparecencia nos brinda la oportunidad de rexaminar el remedio otorgado y *374 clarificar lo que realmente procede en derecho: la concesión de un nuevo juicio.
El hecho de que la exclusión de evidencia —aquí el informe de análisis químico— causara que decretáramos que el Ministerio Público no contaba con suficiente prueba para probar un elemento del delito no impide la concesión de un nuevo juicio. Cuando la insuficiencia de la prueba es resultado de una determinación de inadmisibilidad emitida por un tribunal apelativo, se debe caracterizar la revocación como un error de derecho. LaFave and Israel, supra, Sec. 25.4(c), pág. 649. Véanse, además: Lockhart v. Nelson, supra; Burks v. United States, supra. Le corresponde, entonces, al Ministerio Público la oportunidad de subsanar el defecto en el proceso judicial y continuar con los procesos ulteriores contra el acusado.
Por lo tanto, resolvemos que tras la revocación de la sentencia del señor Santos por un error de derecho, pro-cede que el Ministerio Público decida si persiste en su in-terés de encausar al acusado mediante la celebración de un nuevo juicio.
V
Por todo lo anterior, reconsideramos lo expuesto en Pueblo v. Santos Santos, supra, para resolver que ante la revo-cación de una sentencia por la admisión errónea de prueba, el remedio es que se celebre un nuevo juicio.

Se dictará Sentencia en Reconsideración de conformidad.

El Juez Presidente Señor Hernández Denton disintió haciendo constar las expresiones siguientes:
El Juez Presidente Señor Hernández Denton disiente por entender que el fallo absolutorio emitido en Pueblo v. Santos Santos, 185 DPR 709 (2012), impide que este Tribunal reconsidere su determinación para ordenar la celebración de un nuevo juicio. Véase Art. II, Sec. 11, Const. ELA, LPRA, Tomo *375 1; Emda. V, Const. EE. UU., LPRA, Tomo 1. Véase, además, Green v. United States, 355 US 184 (1957). La cláusula constitucional contra la doble exposición prohíbe la revisión contra toda absolución, no importa cuán errónea parezca. Sanabria v. United States, 437 US 54, 64 (1978); United States v. Martin Linen Supply Co., 430 US 564, 571 (1977).
Ello es así porque el propósito principal de dicha cláusula es prevenir que un acusado sea sometido a múltiples procesos por un mismo delito. Sanabria v. United States, supra, pág. 63. La única excepción a esta norma es cuando el tribunal declara “con lugar” una moción de absolución perentoria luego de un veredicto de culpabilidad. Pueblo v. Rivera Ortiz, 150 DPR 457, 464-465 (2000). En estos casos, el Pueblo puede revisar el fallo de absolución, pues, de prevalecer, el tribunal apelativo solo tendría que reinstalar el veredicto de culpabilidad y proceder con el trámite de sentencia, sin necesidad de ulteriores procedimientos de presentación o evaluación de la prueba. íd. Véase, además, Pueblo v. Colón, Castillo, 140 DPR 564 (1996).
Por tal razón, el Pueblo no puede solicitar la revisión de una absolución cuando ello requiera la celebración de un proceso ulterior pues contraviene la cláusula contra la doble exposición. United States v. Wilson, 420 US 332, 352—353 (1975). El Sr. Ángel Santos Santos fue absuelto tras determinar que “ante las circunstancias particulares de este caso, el Ministerio Público no logró probar más allá de duda razonable la culpabilidad del peticionario, por lo cual revocamos la sentencia recurrida y decretamos la absolución [...]”. (Enfasis suprimido). Pueblo v. Santos Santos, supra, pág. 746. Aunque en esa etapa procedía la celebración de un nuevo juicio, según discutido en la Opinión mayoritaria, ante ese fallo absolutorio no podemos revisarlo. De acuerdo con lo anterior, no puedo avalar el proceder de una mayoría de este Tribunal de acceder a lo solicitado por el Ministerio Público para ordenar un nuevo juicio y, en cambio, hubiese denegado la moción de reconsideración presentada.
La Jueza Asociada Señora Fiol Matta disintió y se unió a las expresiones del Juez Presidente Señor Hernández Denton. La Juez Asociada Señora Rodríguez Rodríguez disintió haciendo constar las expresiones siguientes:
La Juez Asociada Señora Rodríguez Rodríguez disiente de la determinación del Tribunal de reconsiderar lo resuelto en Pueblo v. Santos Santos, 185 DPR 709 (2012), y exponer al señor *376 Santos Santos a un nuevo juicio luego de ser absuelto por este Tribunal. Aunque el remedio adecuado cuando se revoca una sentencia condenatoria por admitirse evidencia erróneamente es conceder un nuevo juicio, Pueblo v. Martínez Torres, 126 DPR 561, 576 (1990), debido a las circunstancias particulares de este caso procede sostener la absolución. El efecto práctico de conceder un nuevo juicio es otorgarle una segunda oportunidad al Ministerio Público para que corrija su error de no traer al analista que preparó el informe químico de la evidencia ocupada durante el arresto, actuación que violó el derecho constitucional de confrontación del señor Santos Santos. Lamento las expresiones que adopta una mayoría de este Tribunal al decir que “[l]a presentación de otra evidencia durante el nuevo juicio [...] no le provee al Estado un ‘segundo turno al bate’, pues meramente recrea lo que hubiese ocurrido si la mencionada admisión errónea se hubiera corregido durante el juicio” (Opinión del Tribunal, pág. 373), ya que de haber sido denegada inicialmente la admisión del informe, el Ministerio Público no hubiera podido utilizar el informe por no tener disponible al analista que lo preparó. Por otro lado, el señor Santos Santos ahora se enfrenta a una segunda exposición a una acusación por un delito del cual ya fue absuelto, luego de ha-ber hecho valer su derecho constitucional a confrontar a los testigos de evidencia testimonial. Crawford v. Washington, 541 US 36 (2004).
El Juez Asociado Señor Estrella Martínez disintió ha-ciendo constar las expresiones siguientes:
El Juez Asociado Señor Estrella Martínez respetuosamente disiente. El informe de análisis químico es una declaración testimonial y por constituir el equivalente práctico del testi-monio en corte que ofrecería un testigo en el interrogatorio directo, considero que en este caso particular nos encontramos ante la realidad de que el Estado no contaba con suficiente prueba para probar el delito más allá de duda razonable. En consecuencia, acertadamente absolvimos al señor Santos Santos. El Estado confrontó un problema de insuficiencia de prueba, reconocido por este Tribunal, y ahora en etapa de re-consideración pretende subsanarlo tardíamente. De acuerdo con los hechos particulares de este caso, no puedo avalar el criterio mayoritario de reducir a un mero error de derecho el pilar en el que se sustentó la absolución del acusado. Por ello disiento y me sostengo en la totalidad de los fundamentos contenidos en Pueblo v. Santos Santos, 185 DPR 709 (2012).

 Art. II, Sec. 11, Const. PR, LPRA, Tomo 1, ed. 2008, pág. 343.

 La protección contra la doble exposición también está recogida en el Art. 6 del Código de Enjuiciamiento Criminal, el cual dispone que “[n]inguna persona po-drá ser procesada por segunda vez por un delito público, después de haber sido ya condenada o absuelta por el mismo delito.” 34 LPRA sec. 6 (2004). Este principio, además, se encuentra en las Reglas de Procedimiento Criminal, las cuales permiten que se utilice la exposición anterior como fundamento de desestimación del pliego acusatorio. Regla 64(e) de Procedimiento Criminal, 34 LPRA Ap. II; Pueblo v. Martínez Torres, 126 DPR 561 (1990); D. Nevares-Muñiz, Sumario de derecho procesal penal puertorriqueño, 8va ed. rev., San Juan, Ed. Inst. Desarrollo del Derecho, 2007, Sec. 10.416, págs. 137-140.

 Como hemos indicado anteriormente, ya que la garantía contra la doble exposición de nuestra Constitución fue incorporada con la intención de asegurarle a los puertorriqueños los mismos derechos que se habían consagrado de acuerdo con el derecho común, la jurisprudencia estadounidense es de particular importancia al interpretar esta cláusula. Pueblo v. Santiago, 160 DPR 618, 627 esc. 8 (2003).

 En casos de juicio por jurado, se considera que el juicio ha comenzado cuando se toma juramento definitivo al jurado, mientras que en un juicio por tribunal de derecho el juicio comienza cuando se toma juramento al primer testigo. Pueblo v. Martínez Torres, supra; D. Nevares-Muñiz, Sumario de Derecho procesal penal puertorriqueño, 8va ed., San Juan, Ed., Inst. Desarrollo del Derecho, 2007, Sec. 10.416, pág. 138.

 Véanse: United States v. Scott, 437 US 82 (1978); Fong Foo v. United States, 369 US 141 (1962). Es necesario destacar que la absolución que impide ulteriores procedimientos tiene que ser en sus méritos, “en el sentido de juicio del juzgador de hechos de que la prueba es insuficiente para una convicción [...]”. E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1992, Vol. II, Sec. 16.2(A), pág. 368. Recientemente, el Tribunal Supremo federal reafirmó que este tipo de absolución se tiene que basar en consideraciones sustantivas. Véase Evans v. Michigan, 133 S.Ct. 1069 (2013).

 Un error de derecho es un defecto en el proceso judicial que culmina en la condena del acusado y que no está relacionado a la inocencia o la culpabilidad del acusado. Ejemplos de errores de derecho son: error en las instrucciones al jurado, la admisión o exclusión errónea de prueba, la conducta impropia de un fiscal, entre otros. D.S. Rudstein, Double Jeopardy: A Reference Guide to the United States Constitution, Westport, Praeger, 2007, págs. 98-99; Chiesa Aponte, op. cit., Sec. 16.3(B), pág. 403.