EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Lutgardo Acevedo López<br><br>Peticionario | Certiorari<br><br>2016 TSPR 67<br><br>195 DPR ____ |

Número del Caso: CC-2016-251


Fecha: 13 de abril de 2016


Tribunal de Apelaciones:

      Región Judicial de San Juan, Panel I


Abogado de la Parte Peticionaria:

      Lcdo. Jaime Ruberté Santiago


Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Mónica Cordero Vázquez
      Procuradora General Auxiliar


Materia: Sentencia del Tribunal con Voto Particular Disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

       v.                   CC-2016-0251     *Certiorari*

Lutgardo Acevedo López

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 13 de abril de 2016.

Por estar igualmente dividido el Tribunal, se expide el auto de *certiorari* y se dicta Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones en el presente caso.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. "El Juez Asociado señor Martínez Torres vota conforme porque una absolución obtenida mediante fraude no puede prevalecer nunca. Pueblo v. Rivera Ramos, 88 DPR 612 (1963). Por eso procede un nuevo juicio y será allí que el Estado tendrá que probar la

culpabilidad del acusado, no antes. Requerirle al Estado que pruebe antes de ese nuevo juicio que el acusado debió ser hallado culpable es poner la carreta antes de los bueyes". La Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Kolthoff Caraballo y Rivera García paralizarían y expedirían para pautar, y confirmar la decisión emitida por el Tribunal de Apelaciones. El Juez Asociado señor Estrella Martínez paralizaría y expediría para revocar el dictamen del Tribunal de Apelaciones, a fin de devolver el caso al Tribunal de Primera Instancia para la celebración de una vista en la que aplique los criterios expuestos en su Voto Particular Disidente.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.             CC-2016-251       Certiorari

Lutgardo Acevedo López

    Peticionario

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 13 de abril de 2016.

Ante la etapa en que se encuentra este caso, considero que debimos paralizarlo y pautar los requisitos que deben concurrir para procesar nuevamente a ciudadanos que se beneficiaron, con conocimiento, de una absolución fraudulenta. Específicamente, requeriría al Estado que demuestre, no solo que el acusado estuvo involucrado y resultó convicto por el esquema de fraude o soborno -como en efecto ocurrió en este caso-, sino también la existencia de una relación causal entre el fraude o soborno cometido por el acusado y la absolución de éste en el primer caso y que a base de la evidencia desfilada en el primer proceso judicial el juzgador o el jurado debió

encontrar culpable al acusado de la conducta por la cual resultó absuelto. Ello, ante la realidad de que las dimensiones de la garantía constitucional contra la doble exposición son tan amplias que no podemos limitarnos meramente a constatar la existencia de fraude, puesto que debemos indagar la aplicabilidad de la vertiente de protección dirigida a evitar que el Estado tenga una segunda oportunidad indebida para presentar nueva prueba y tomar ventaja de lo acontecido en el primer proceso. Esa protección la tiene cualquier ciudadano, incluso aquel que ha participado en un repudiable esquema de corrupción judicial.

Ante ese cuadro, disiento de la acción de confirmar, sin más, el dictamen emitido por el Tribunal de Apelaciones, provocada por este Tribunal encontrarse igualmente dividido. En su lugar, paralizaría y expediría el recurso ante nuestra consideración, con miras a revocar la determinación del foro apelativo intermedio, y devolver el caso al foro primario para la celebración de una vista en la cual el Estado establezca, a tenor con los criterios antes esbozados, si en este caso no se activa la garantía constitucional contra la doble exposición.

Repasemos sucintamente los hechos y trámites procesales que originaron la controversia ante este Tribunal.

**I**

Por motivo de unos alegados hechos acaecidos en junio de 2012, el 1 de julio del mismo año, el Ministerio Público presentó cargos criminales contra el Sr. Lutgardo Acevedo López (señor Acevedo López o peticionario). Específicamente, le imputó infringir los Arts. 109 y 252 del Código Penal de 2004, 33 LPRA ant. secs. 4737 y 4880, y el Art. 7.01 de la Ley Núm. 22 de 7 de enero de 2000, conocida como Ley de Vehículos y Tránsito de Puerto Rico, 9 LPRA sec. 5201. Celebrado el juicio por tribunal de derecho, el 27 de marzo de 2013, el entonces juez Manuel Acevedo Hernández (ex juez Acevedo Hernández) absolvió al peticionario de todos los cargos presentados.

Tras varios incidentes procesales, entre los cuales se incluyen la admisión de culpabilidad ante el foro federal del señor Acevedo López por haber sobornado al ex juez Acevedo Hernández, así como la determinación del foro federal mediante la cual se encontró culpable al ex juez Acevedo Hernández de los delitos de conspiración y recibir soborno, el 24 de marzo de 2015, el Ministerio Público presentó nuevamente denuncias contra el señor Acevedo López por los mismos delitos enumerados. Celebrada la correspondiente lectura de acusación, el señor Acevedo López solicitó la desestimación de los cargos imputados al amparo de la Regla 64(e) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(e), la cual recoge la protección constitucional contra la doble exposición. En esencia, alegó que había sido juzgado bajo su mismo nombre, por un

tribunal con jurisdicción y con un pliego acusatorio válido por los mismos delitos que nuevamente pesaban en su contra. A tales efectos, arguyó que reunía los criterios requeridos por la jurisprudencia para que se activara la protección contra la doble exposición.

Por su parte, el Ministerio Público adujo que si bien el señor Acevedo López enfrentó un proceso judicial por los mismos delitos que se le vuelven a imputar, éste nunca estuvo expuesto al riesgo que conlleva un proceso criminal. Esto, toda vez que indicó que contaba con evidencia suficiente para demostrar que el peticionario sobornó al ex juez Acevedo Hernández con el fin de que lo absolviera de todos los cargos criminales que se le atribuían. De esta forma, el Ministerio Público planteó que el señor Acevedo López estaba impedido de invocar la garantía constitucional contra la doble exposición debido al fraude que había cometido en el primer proceso judicial.

Ponderados los argumentos de las partes, el 2 de noviembre de 2015, el Tribunal de Primera Instancia emitió una Resolución mediante la cual denegó la petición de desestimación instada por el señor Acevedo López y, por ende, ordenó la continuación de los procedimientos. Inconforme, éste solicitó reconsideración, pero fue denegada.

Así las cosas, el señor Acevedo López recurrió ante el Tribunal de Apelaciones. Evaluado el caso, el 28 de

enero de 2016, el foro apelativo intermedio emitió una Sentencia en la cual confirmó la determinación recurrida. En esencia, dictaminó que el señor Acevedo López nunca estuvo expuesto cuando enfrentó el procedimiento criminal presidido por el ex juez Acevedo Hernández. Concluyó que las sentencias absolutorias dictadas por éste no fueron el resultado de un examen ponderado de la evidencia desfilada, sino la consecuencia de una negociación ilícita. Por ende, entendió que esos dictámenes eran nulos. Finalmente, el Tribunal de Apelaciones razonó que una absolución fraudulenta, como resultado de un contubernio entre el acusado y el juez, constituye una excepción válida para que el Estado pueda encausar a un acusado por el mismo delito, sin que se active la garantía constitucional contra la doble exposición. Ante ello, el señor Acevedo López solicitó reconsideración, pero fue declarada no ha lugar.

En desacuerdo, el peticionario recurrió ante este Tribunal mediante petición de *certiorari*. Además, presentó una *Moción en Auxilio de Jurisdicción*, en la cual solicitó la paralización inmediata de los procedimientos ante el foro primario. En su comparecencia, el señor Acevedo López reproduce los argumentos esgrimidos ante los foros recurridos con relación a que le cobija la protección contra la doble exposición.

Por su parte, el Ministerio Público, representado por la Oficina de la Procuradora General, presentó un escrito

intitulado *Urgente oposición a la expedición del auto y a la solicitud de paralización*. En lo pertinente, aduce que el fallo del primer proceso judicial contra el señor Acevedo López carece de validez, toda vez que fue emitido a base de soborno, fraude, engaño, y contubernio. Por tanto, alega que ese resultado no puede ser legalmente vinculante. Además, reitera que el señor Acevedo López nunca estuvo expuesto a un procedimiento penal anterior. Ello pues, argumenta que el peticionario gozaba de la seguridad de que resultaría absuelto de los cargos imputados.

Examinado el recurso de *certiorari* presentado por el señor Acevedo López, este Tribunal se encuentra igualmente dividido. En consecuencia, y a tenor con la Regla 4(a) del Reglamento de este Tribunal, 4 LPRA XXI-B, R. 4(a), se emite una Sentencia cuyo resultado es confirmar, sin más, el dictamen del Tribunal de Apelaciones.

Por entender que este Tribunal debió atender con premura la controversia constitucional que presenta este caso, disiento y a continuación expreso los fundamentos que me mueven a ello.

## II

Como puede apreciarse, este caso gira en torno a un principio básico de nuestro acervo jurídico; esto es, el derecho constitucional de un ciudadano a no ser puesto en riesgo de ser castigado dos veces por el mismo delito. Esa garantía fundamental contra la doble exposición emana

expresamente de varias fuentes jurídicas, entre las que se destacan las disposiciones diáfanas que a esos efectos surgen tanto de la Constitución de los Estados Unidos como de la Constitución de Puerto Rico. En particular, nuestra Carta Magna consagra la referida salvaguarda al establecer que "[n]adie será puesto en riesgo de ser castigado dos veces por el mismo delito". Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1, ed. 2008, pág. 343. Por su parte, la Quinta Enmienda de la Constitución de los Estados Unidos dispone, en lo pertinente, que nadie podrá "ser sometido por el mismo delito dos veces a un juicio".[1] Emda. V, Const. EE. UU., LPRA, Tomo 1, ed. 2008, pág. 189; *véase*, además, Ohio v. Johnson, 467 US 493 (1984).

**A.**

Este Tribunal ha expresado que la finalidad de la aludida doctrina constitucional es evitar que el Estado abuse de su autoridad y hostigue al ciudadano con múltiples procedimientos, intentando condenarlo por la comisión de una misma conducta delictiva. Pueblo v. Santiago, 160 DPR 618, 627 (2003). Además, protege al ciudadano de vivir en la incertidumbre de que aun sin tener responsabilidad penal, pueda ser encontrado culpable en cualquier ocasión. Íd., págs. 627-628. A su vez, la cláusula constitucional evita que el Estado tenga una segunda oportunidad para presentar prueba y tome ventaja

---

[1] El texto original lee como sigue: "*nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb*".

de lo acontecido en el primer proceso judicial. Íd., pág. 628.

Es menester destacar que la garantía constitucional contra la doble exposición ampara al ciudadano en varias instancias, a saber: (1) contra ulterior exposición tras absolución por la misma ofensa; (2) contra ulterior exposición tras convicción por la misma ofensa; (3) contra ulterior exposición tras exposición anterior por la misma ofensa; y (4) contra castigos múltiples por la misma ofensa. Íd., pág. 628; Pueblo v. Martínez Torres, 126 DPR 561, 568-569 (1990); Ohio v. Johnson, *supra*; *véase*, además, E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Tomo II, Ed. Forum, 1992, pág. 354.

En el caso Pueblo v. Santiago, *supra*, este Tribunal delineó los requisitos que deben cumplirse para poder invocar la cláusula constitucional contra la doble exposición, a saber: (1) que el procedimiento o la sanción a la que esté sujeto el ciudadano sean de naturaleza criminal o conllevar el estigma o privación de libertad o propiedad; (2) que el juicio se haya iniciado o celebrado, que se efectúe bajo un pliego acusatorio válido y en un tribunal con jurisdicción; (3) y la existencia de un segundo proceso en el cual se pretenda procesar al acusado por la misma conducta delictiva por la cual ya fue convicto, absuelto o expuesto. Íd., págs. 628-629; Pueblo v. Sánchez Valle *et al.*, 192 DPR 594, 602-603 (2015);

Pueblo v. Martínez Torres, *supra*, pág. 568; *véase*, además,
O.E. Resumil, Práctica jurídica de Puerto Rico: Derecho
Procesal Penal, Orford, Ed. Butterworth, 1993, Vol. II.

En fin, es oportuno indicar que, además de las
protecciones constitucionales expuestas, en nuestro
ordenamiento jurídico existe una regla procesal criminal
que permite la desestimación de una denuncia o acusación
bajo el palio del derecho a no ser castigado dos veces por
el mismo delito. En particular, la Regla 64(e) de
Procedimiento Criminal, *supra*, es clara a los fines de
permitir la desestimación de una acusación o denuncia bajo
el fundamento de "[q]ue el acusado ha sido convicto, o ha
estado expuesto a serlo, o ha sido absuelto del delito que
se le imputa". Íd.

## III

Ante el cuadro fáctico descrito, y tratándose de
garantías constitucionales diáfanas y firmemente
arraigadas, opino que el planteamiento de que en un primer
proceso judicial la absolución del acusado se obtuvo
mediante fraude o soborno por parte de éste, no debe
derrotar **automáticamente** la protección constitucional
contra la doble exposición y permitir un segundo proceso
penal por los mismos delitos. Esto es, el fraude y el
soborno, por sí solos, no deben hacer irreflexivamente
nula aquella absolución obtenida en un primer proceso
judicial y constituir una excepción -a ciegas- de la
aludida norma constitucional.

La razón primordial de ello es que considero que la sola presencia de fraude o soborno en un primer proceso no implica necesariamente que un ciudadano no haya estado realmente expuesto a ser castigado por los mismos delitos que se le imputan en un segundo proceso. De hecho, existen casos en que el acusado que sobornó al juez para que éste lo absolviera fue encontrado culpable de los delitos imputados por el mismo juez al que alegadamente sobornó. *Véase* I. Ayres, *The Twin Faces of Judicial Corruption: Extortion and Bribery*, 74 Denv. U. L. Rev. 1231 (1997). Del mismo modo, pueden existir casos en los cuales, a pesar del fraude o soborno, la absolución del acusado en el primer proceso bien pudo deberse a que el Estado no pudo probar el caso, según el estándar de prueba requerido.

Además, resulta preocupante no requerirle al Estado establecer que a base de la evidencia desfilada en el primer proceso judicial el juzgador que dirigió los procedimientos debió encontrar culpable al acusado de la conducta por la cual resultó absuelto. Más aún, nótese que los limitados pronunciamientos emitidos por este Tribunal en <u>Pueblo v. Santiago</u>, *supra*, no contienen los lineamientos para establecer un adecuado balance entre el interés del Estado de procesar nuevamente a un ciudadano que obtuvo una absolución fraudulenta y las garantías constitucionales de éste dirigidas a no ser castigado dos veces por el mismo delito.

**A.**

En mérito de lo expuesto, resultaba imperativo que este Tribunal se expresara y pautara unos criterios, con el fin de evitar que en circunstancias en las que se alegue que medió fraude o soborno por parte del acusado para obtener su absolución en un primer proceso judicial se inactive automáticamente el derecho constitucional contra la doble exposición. A tales efectos, sostengo que para que no sea aplicable la salvaguarda constitucional contra la doble exposición, por razón de que medió fraude o soborno por parte del acusado para obtener su absolución en un primer proceso, deben concurrir varios requisitos, a saber: (1) el acusado tiene que haber estado involucrado en el esquema de fraude o soborno para obtener su absolución en el primer proceso judicial; (2) el acusado debe resultar convicto del delito de fraude o soborno relacionado a la absolución en el primer proceso judicial; (3) el Estado debe probar que existe una relación causal entre el fraude o soborno cometido por el acusado y la absolución de éste en el primer caso; y (4) el Estado debe establecer que a base de la evidencia desfilada en el primer proceso judicial el juzgador que dirigió los procedimientos debió encontrar culpable al acusado de la conducta por la cual resultó absuelto. *Véase* D.S. Rudstein, *Double Jeopardy and the Fraudulently-Obtained Acquittal*, 60 Mo. L. Rev. 607 (1995).

**IV**

Por los fundamentos expuestos, disiento del dictamen emitido por este Tribunal. En su lugar, paralizaría los procedimientos ante el Tribunal de Primera Instancia y expediría el recurso de *certiorari* presentado. Ello, con el fin de revocar el dictamen emitido por el Tribunal de Apelaciones y devolver el caso al foro primario para la celebración de una vista en la que el Estado demuestre la concurrencia de los criterios esbozados.

Habida cuenta de que nos encontramos ante un derecho constitucional firmemente reconocido en nuestro ordenamiento, considero inadecuado no paralizar los procedimientos en estos momentos y esperar a que concluya el juicio plenario contra el peticionario para entonces expresarnos. Tal proceder expondrá inadecuadamente al acusado a un segundo proceso penal por los mismos delitos, sin antes examinar, a la luz de los criterios expuestos, si en este caso resulta inaplicable la garantía contra la doble exposición.

Luis F. Estrella Martínez
Juez Asociado