González Román, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA ENMENDADA
El apelante, Sr. Luis Antonio Santaella Varas (Sr. Santaella), solicita la revocación de la sentencia emitida el 10 de enero de 1996 por el Tribunal de Primera Instancia, Sala Superior de Humacao. En dicha sentencia se declaró sin lugar la solicitud de dominio presentada por el Sr. Santaella.
Por los fundamentos que exponemos a continuación se confirma la sentencia apelada.
I
Los hechos probados y recogidos en la sentencia que nos ocupa son los siguientes:
El Sr. Santaella reclama haber adquirido por usucapión la siguiente propiedad en el municipio de Culebra:

"URBANA solar ubicado en la zona urbana de Devey de la isla municipio de Culebra, Puerto Rico con una cabida superficial de aproximadamente cuatrocientos cincuenta y ocho punto cero tres metros cuadrados (458.03 me) en lindes por el Norte en 14.30 metros, con el solar de Teófilo Bermúdez, por el Sur, en 16.70 metros con el solar de Richard Kiegler. Por el Este, en 29.10 metros con la Bahía Ronda, y por el Oeste, en 30 metros con la calle Escuder."

Sobre dicho predio, el Sr. Santaella construyó una estructura de dos plantas en cemento, madera y zinc, con el propósito de usarla para vacacionar, ya que su residencia oficial está ubicada en el sector de Miramar de San Juan. Surge del testimonio recibido que el Sr. Santaella admitió que la titularidad del inmueble que reclama no le ha sido transmitida por ninguna persona. Reconoció que dicho predio formaba parte de terrenos pertenecientes al Estado Libre Asociado de Puerto Rico (E.L.A.) y que se incautó del mismo edificando una residencia para veranear, con permiso del Alcalde de Culebra. Los terrenos en controversia históricamente han sido considerados de dominio público. Surge de la sentencia apelada que en el 1982 fueron transferidos al E.L.A. por el gobierno federal, —ante la escritura de traspaso denominada "Quit Claim Deed" — . Dicha finca consta inscrita en el Registro de la Propiedad bajo el número 759, al folio 136, tomo 16 de Culebra. 
El agrimensor Benigno Rodríguez, perito del Sr. Santaella, declaró que había preparado un plano de mensura del solar en controversia en el que no estaba marcada la zona marítima-terrestre. Además, testificó que no podía decir si el terreno que se reclama está en dicha zona.
Por su parte, el Departamento de Recursos Naturales y Ambientales (Recursos Naturales) presentó como perito al agrimensor Geraldo Cerra, Director de la División de Agrimensura de dicho Departamento. Este declaró que el terreno donde ubica la casa del Sr. Santaella está totalmente en zona marítima-terrestre. El Sr. Cerra también declaró que el agrimensor David León preparó un plano *1048 de Culebra con el propósito de delimitar los terrenos transferidos por la Marina de Estados Unidos al gobierno de Puerto Rico en el año 1982, conocidos como parcela K, pero estos planos nunca se terminaron. Se estableció que Recursos Naturales se encuentra preparando nuevos planos para delimitar la zona marítima-terrestre de Culebra. Concluyó el Sr. Cerra, que a base del trabajo ya realizado puede establecerse que la propiedad en controversia se encuentra dentro de dicha zona.
Recursos Naturales y la Autoridad de Desarrollo y Conservación de Culebra, (la Autoridad) agencias encargadas de reglamentar la zona marítima terrestre en la isla municipio, expresaron su oposición a la acción de dominio por entender que el terreno en controversia forma parte de la zona marítima-terrestre. En la vista celebrada, Recursos Naturales presentó como evidencia varias fotografías aéreas tomadas en los años 1964 y 1993 en las que puede observarse que el terreno en controversia colinda, por el Este, con la Bahía Ronda, donde el Sr. Santaella construyó un muelle de cien pies y cuatro pulgadas de largo por cinco pies y tres pulgadas de ancho. En dichas fotografías también puede observarse que el Sr. Santaella tuvo que edificar un muro de contención para evitar que la marea se adentrara en la propiedad y socavara el terreno. Dicho muro no se extiende a los solares colindantes porque éstos no tienen ese problema.
El Sr. Santaella alega en el primer señalamiento de error que el tribunal apelado no circunscribió la controversia a determinar si el solar de él estaba o no, parcial o totalmente, en zona marítima-terrestre. Además, alega que incidió el tribunal a quo al no considerar toda la prueba documental ofrecida por el Sr. Santaella y admitida en evidencia, específicamente el mapa de zonificación de Culebra. En el tercer señalamiento de error señala que el tribunal apelado incidió al admitir en evidencia prueba documental futura sin haberla anunciado previamente ni habérsela hecho accesible. Finalmente alega que incidió el tribunal al determinar que el solar del Sr. Santaella está totalmente en zona marítima-terrestre. No le asiste la razón al Sr. Santaella. Veamos.
II
El primero y cuarto señalamiento de error se discutirán en conjunto por estar estrechamente relacionados. Los mismo versan sobre el alegado error del Tribunal de Primera Instancia en determinar que el solar del Sr. Santaella está totalmente en zona marítima-terrestre.
El municipio de Culebra recibe un trato especial en lo que a política de planificación se refiere. Es tan alto el interés del Estado en la preservación de los habitato y los ecosistemas de Culebra, que ha encomendado a varias agencias que intervengan en su desarrollo; entre ellas, la Autoridad y Recursos Naturales. La Autoridad posee la facultad para reglamentar la zona marítima-terrestre sin que Recursos Naturales haya perdido su jurisdicción para vigilarla y conservarla. Recursos Naturales tiene la facultad para conceder los permisos de uso y aprovechamiento de la zona marítima-terrestre en todo Puerto Rico. Las responsabilidades de estas agencias son armonizables ya que las mismas se complementan para la consecución de un mismo fin: la protección de los elementos que componen el medio ambiente del municipio de Culebra. En el caso de autos, tanto la Autoridad de Recursos Naturales expresaron su oposición a la acción de dominio del Sr. Santaella toda vez que son las agencias que tienen el conocimiento especializado ("expertise”) en esta materia. Colón Ventura v. Méndez, _ D.P.R. _ (1991), 92 J.T.S. 51.
La Ley de Muelles y Puertos de Puerto Rico de 1968, 23 L.P.R.A. sec. 2103(n), define la zona marítima-terrestre como el espacio de las costas de Puerto Rico que baña el mar en su flujo y reflujo, en donde son sensibles las mareas y las mayores olas en los temporales, en donde las mareas no son sensibles, e incluye los terrenos ganados al mar y los márgenes de los ríos hasta el sitio en que sean navegables o se hagan sensibles las mareas; y el término "sin condicionar" significa la zona marítima terrestre de Puerto Rico. La zona marítima-terrestre y el mar litoral son bienes de dominio nacional y uso público. Los bienes de dominio público son aquellos destinados al uso público. Estos bienes no son susceptibles de propiedad privada. Art. 255 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1024.
En el presente caso el Sr. Santaella pretende que se le adjudique la titularidad de un inmueble inscrito en la isla de Culebra. El predio en controversia forma parte de la zona costera de dicho municipio. Aunque el Sr. Santaella alega haber poseído dicho terreno por más de treinta años, surge de la evidencia presentada que no ha sido en concepto de dueño, sino en concepto de precarista y, por *1049 tanto, no puede adquirir derecho titular alguno. No obstante, es a Recursos Naturales a quien le corresponde determinar si el terreno objeto de este litigio está ubicado en la zona marítima-terrestre. Este sostuvo que los terrenos que el Sr. Santaella reclama como suyos pertenecen al Estado Libre Asociado de Puerto Rico, y que, además, están en zona marítima-terrestre, pero no presentó un plano definitivo para confirmar tal aseveración. Aún así, el Sr. Santaella no pudo probar que el predio que reclama estuviera fuera de la zona marítima-terrestre, uno de los hechos esenciales y necesarios para que el tribunal apelado estuviera en posición de adjudicarle el título.
ni
El Sr. Santaella alega en el segundo y tercer señalamiento de error que el tribunal incidió al no admitir toda la prueba documental ofrecida y admitida en evidencia y al admitir en evidencia prueba documental sin haber sido anunciada previamente ni habérsela hecho accesible a éste. Por estos señalamientos estar estrechamente relacionados, se discutirán en conjunto.
Es doctrina establecida por el Tribunal Supremo que la determinación de conceder o denegar la admisión de evidencia es una estrictamente de derecho y, por consiguiente, función exclusiva del tribunal. Pueblo v. Martínez Torres, 126 D.P.R. 561 (1990). El tribunal apelado considera, estudia, analiza y aquilata toda la prueba presentada para entonces tomar una decisión. Surge del expediente que el tribunal apelado evaluó toda la prueba que le fue presentada por las partes, escuchó las opiniones de los peritos y estudió con detenimiento toda la evidencia. Después de aquilatar la prueba, el tribunal apelado tomó la decisión correcta basada en lo que las partes le presentaron.
IV
Es norma de la práctica apelativa que aunque los fundamentos y la disposición de ley en que se funde no fuesen los correctos, revocarla con el único propósito de que ésta se conceda nuevamente, pero basada en distintos fundamentos o disposición de ley, resulta contrario al objetivo cardinal procesal judicial de dispensar justicia de forma rápida y económica. Rebollo López v. Gil Bonar, _ D.P.R. _ (1997), 97 J.T.S. 138, a la pág. 294; Regla 1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Es un principio firmemente arraigado en los procedimientos apelativos que la revisión se da contra la parte dispositiva de la sentencia, no contra sus fundamentos. Rebollo López v. Gil Bonar, supra, a la pág. 293.
Concluimos que el tribunal apelado incidió en determinar que el predio reclamado por el Sr. Santaella estaba en zona marítima-terrestre. No obstante, considerada en su totalidad la prueba presentada, es correcta su determinación de denegar la solicitud de dominio presentada por el Sr. Santaella. No son correctos en su totalidad los fundamentos esbozados por el tribunal apelado, pero sí es correcta la decisión. Por tanto, se procede a confirmar la sentencia del tribunal apelado.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General