Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurridos<br><br>v.<br><br>LUIS D. ECHAVERRÍA GONZÁLEZ<br><br>Peticionario | KLCE202400145 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso número: I1VP202300192-200<br><br>Sobre: ART. 401 LEY 4 ART. 412 LEY 4 ART. 6.09 LEY 168 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 11 de marzo de 2024.

Comparece el peticionario, Luis D. Echevarría González (peticionario), por conducto de su representación legal, y nos solicita que revoquemos la *Resolución* notificada el 4 de enero de 2024, por el Tribunal de Primera Instancia, Sala de Vista Preliminar de Mayagüez. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* una *Moción de Supresión de Desestimación* presentada por el peticionario en el caso criminal número I1VP202300192-200, Pueblo de Puerto Rico v. Luis D. Echevarría González.

Por los fundamentos que exponemos, *denegamos* el recurso de certiorari.

**I.**

**Por hechos ocurridos el 26 de enero de 2023**, **en el edificio 15 apartamento 94 del Residencial Manuel F. Rossy**[1]**,** el 27 de enero de 2023, el Ministerio Público presentó varias denuncias

---

[1] Anejo V de la Petición de Certiorari.

contra el peticionario, a saber: un cargo por violación al Art. 6.09 y cuatro cargos por violación al Art. 6.22 de la Ley Núm.168 de 11 de diciembre de 2019, según enmendada (25 LPRA sec. 466h y 466u) conocida como "Ley de Armas de Puerto Rico de 2020"; un cargo por violación al Art. 412 y tres cargos por violación al Art. 401 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada (24 LPRA sec. 2412 y 2401) conocida como "Ley de Sustancias Controladas de Puerto Rico".    En esa fecha, el Tribunal de Primera Instancia determinó que existía causa para arresto contra el peticionario por los delitos según imputados.

Posteriormente, el 3 de abril de 2023, un Gran Jurado Federal para el Tribunal de Distrito Federal de Puerto Rico, acusó al peticionario de varios cargos por hechos ocurridos desde el 2015 hasta el 3 de abril de 2023, dentro de 1,000 pies del Residencial Manuel F. Rossy y el Residencial El Recreo[2].  En atención a ello, el 11 de octubre de 2023, el peticionario suscribió y presentó junto a la Fiscalía Federal una alegación preacordada. Mediante la alegación preacordada, el peticionario sería declarado culpable por los siguientes delitos[3]:

1) Title 21 USC Sections 841, 846 and 860, Conspiracy to Possess with Intent to Distribute Controlled Substances.

2) Title 18 USC Section 924(c), Posses of a Firearm in Furtherance of a Drug Trafficking Crime.

Finalmente, la alegación preacordada dispuso que los casos estatales en el caso ante nuestra consideración eran conducta relevante a los delitos en la jurisdicción federal.

Así las cosas, el 29 de noviembre de 2023, el peticionario presentó ante el Tribunal de Primera Instancia un *Moción de*

---

[2] Anejo III Petición de Certiorari.
[3] Del expediente ante nuestra consideración no surge evidencia de que el peticionario haya sido declarado culpable y convicto en el Tribunal Federal.

*Desestimación al Amparo de la Regla 64(e) y (f) de Procedimiento Criminal, por violentar la Prohibición constitucional a la Doble Exposición y/o Cosa Juzgada.* En su escrito, alegó que procedía la desestimación de las denuncias en su contra toda vez que los hechos por los cuales estaba siendo acusado en el foro estatal estaban contenidos en la acusación federal y, además, las denuncias estatales fueron reconocidas como conducta relevante del peticionario en la alegación preacordada en el foro federal.

Por su parte, el 8 de diciembre de 2023, el Ministerio Público presentó su *Moción en Oposición a Desestimación por Violentar la Prohibición Constitucional a la Doble Exposición y las Reglas 64(e) y (f) de las de Procedimiento Criminal.* Argumentó el Ministerio Público que no procedía la desestimación de las denuncias debido a que las denuncias estatales no eran por los mismos cargos, ni por los mismos hechos, ni ocurrieron en el mismo lugar, ni fueron en la misma fecha que los delitos imputados a nivel federal.

El 4 de enero de 2024, el Tribunal de Primera Instancia notificó una *Resolución* en la que declaró *No Ha Lugar* la solicitud de desestimación del peticionario. Inconforme, el peticionario compareció ante *nos,* mediante el recurso de *Certiorari,* presentado el 5 de febrero de 2024 y alegó la comisión de los siguientes errores:

> **El TPI erró al no desestimar las denuncias de epígrafe contra el peticionario al amparo de la prohibición constitucional a la doble exposición, toda vez que la Alegación Preacordada mediante la cual el Peticionario hizo alegación de culpabilidad a nivel federal adoptó expresamente como conducta relevante las denuncias imputadas a nivel estatal, de forma tal que el Peticionario se expone a ser castigado dos veces por la misma conducta criminal en clara violación a la norma establecida en Pueblo v. Sánchez Valle, 192 DPR 595 (2015).**
>
> **En la alternativa, el TPI erró al no desestimar algunas de las denuncias de epígrafe contra el Peticionario al amparo de la prohibición constitucional a la doble exposición, toda vez que la Acusación Federal respecto a la cual el Peticionario hizo alegación de culpabilidad**

> **comprende la misma conducta criminal respecto a varios de los delitos pro los cuales está siendo acusado en el foro estatal, de forma tal que el Peticionario se expone a ser sometido a múltiples enjuiciamientos pro los mismos hechos en clara violación a la norma establecida en Pueblo v. Sánchez Valle, 192 DPR 594 (2015).**

Por su parte, la parte recurrida presentó su alegato el 21 de febrero de 2024. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A. El auto de Certiorari

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considera al atender una solicitud de expedición de un auto de *certiorari.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, supra, pág. 211. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**B. Protección contra la doble exposición**

Tanto la Constitución de Estados Unidos como la de Puerto Rico, protegen a todo imputado de delito contra la doble exposición. A esos fines, la Enmienda Quinta de la Constitución de Estados Unidos dispone que: "*no person shall be subject for the same offense*

*to be put twice in jeopardy of life or limb*"[4].  US Const. Amend V. Por su parte, el Art. II, Sec. 11, de la Constitución de Puerto Rico contiene una cláusula similar que dispone que "nadie será puesto en riesgo de ser castigado dos veces por el mismo delito." Art. II, Sec. 11, Const. ELA, ELA, LPRA, Tomo 1, ed. 2016, Pág. 354.

En adición, esta protección está recogida en la Regla 64(e) de las de Procedimiento Criminal (34 LPRA Ap. II), que establece que: "[l]a moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas solo podrá basarse en uno o más de los siguientes fundamentos [...] Que el acusado ha sido convicto, o ha estado expuesto a serlo, o ha sido absuelto del delito que se le imputa. Si la moción para desestimar se basare en este fundamento, la misma expresará el nombre bajo el cual el acusado fue convicto, expuesto a convicción o absuelto, y la fecha, tribunal y lugar de convicción, exposición o absolución. La moción para desestimar podrá presentarse por cualquier acusado que hubiere sido absuelto por los méritos del caso, no obstante haber existido cualquier defecto en la acusación o denuncia."

No obstante, para que se active la protección constitucional contra la doble exposición, se tienen que cumplir los siguientes requisitos: 1) Los procedimientos celebrados contra el acusado tienen que ser de naturaleza penal. *Pueblo v. Santiago,* 160 DPR 618, 628 (2003); 2) Debe haber iniciado o celebrado un primer juicio bajo un pliego acusatorio válido en un tribunal con jurisdicción. *Pueblo v. Martínez Torres,* 126 DPR 561, 568 (1990); y 3) El segundo proceso al cual se somete al individuo tiene que ser por el mismo delito por el cual ya fue convicto, absuelto o expuesto. *Pueblo v. Santiago, supra,* pág. 629.

---

[4] Esta protección constitucional es un derecho fundamental aplicable a Puerto Rico a través de la Décimo Cuarta Enmienda de la Constitución de los Estados Unidos.  *Pueblo v. Santiago, supra,* pág. 627.

Sin embargo, la protección constitucional no aplica cuando un acusado apela su sentencia condenatoria y logra revocar la sentencia, siempre y cuando la revocación de la sentencia condenatoria se deba a un error de derecho y no a insuficiencia de la prueba para sostener un veredicto de culpabilidad. *Pueblo v. Santos Santos,* 189 DPR 361, 367 (2013).

Para determinar si el delito imputado constituye "el mismo delito" para efectos de la protección constitucional, es necesario comparar las definiciones de los delitos para evaluar si cada uno requiere, por lo menos, un elemento del delito que el otro no requiere. *Pueblo v. Torres Irizarry,* 199 DPR 11, 21 (2017); *Pueblo v. Rivera Cintrón,* 185 DPR 484, 494 (2012)[5]. En otras palabras, **un mismo acto o transacción** no constituye el mismo delito si cada disposición penal infringida requiere prueba de un hecho adicional que la otra no exige. De ser así, no hay impedimento para castigar por más de un delito. *Pueblo v. Rivera Cintrón, supra,* pág. 495.

De otra parte, si la definición de uno de los delitos incorpora todos los elementos que exige la definición del otro, entonces se trata de un solo delito, en la medida que el otro constituye un delito menor incluido. Íd. Ahora bien, es importante tener presente que para que se active la protección constitucional contra la doble exposición es requisito que los delitos surjan del mismo acto o transacción. Si no surgen del mismo acto o transacción, no cabe hablar de protección contra la doble exposición.

Por último, en *Pueblo v. Sánchez Valle, et al.,* 192 DPR 594, 598 (2015), nuestro más alto foro resolvió que, "de acuerdo con la protección constitucional contra la doble exposición y debido a que Puerto Rico no es un estado federado, no se puede procesar en los

---

[5] El Tribunal Supremo de Puerto Rico adoptó la norma elaborada por el Tribunal Supremo de los Estados Unidos en *Blockburger v. United States,* 284 US 299 (1932).

Tribunales de Puerto Rico a una persona que haya sido absuelta, convicta o expuesta a serlo por el mismo delito en los tribunales federales." Además, posteriormente en *Pueblo v. Torres Irizarry*, *supra*, pág. 14, el Tribunal Supremo resolvió que "en el contexto de *Pueblo v. Sánchez Valle*, *et al.*, *supra*, una persona que hace alegación de culpabilidad y llega a un preacuerdo, no renuncia a su derecho a no ser procesado en Puerto Rico por los mismos delitos por los cuales fue convicto, expuesto o absuelto en la esfera federal."

**III.**

Es la contención principal del peticionario que deben desestimarse las denuncias estatales al amparo de la prohibición constitucional contra la doble exposición. En síntesis, alega que como parte de la alegación preacordada en el foro federal se adoptó como conducta relevante las denuncias estatales. Alega, además, que la alegación preacordada comprende la misma conducta criminal respecto a varios delitos por los cuales está siendo acusado en el foro estatal.

Al examinar detenidamente el expediente ante nuestra consideración, no encontramos indicio de que el Tribunal de Primera Instancia haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012). Es necesario resaltar que el expediente no cuenta con evidencia de que el peticionario haya sido convicto en el foro federal a base de la alegación preacordada. En adición, los actos o transacciones imputados en la esfera federal corresponden a una fecha y lugar distintos a los imputados en el tribunal estatal.

En el caso que nos ocupa, el foro primario evaluó la solicitud de desestimación, así como la oposición y, en consecuencia, declaró

*No Ha Lugar* la solicitud del peticionario. Con tal proceder, el foro primario actuó dentro de su discreción y conforme a derecho. Así, no debemos perder de perspectiva que, el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

En conclusión, evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo máxime cuando no contamos con evidencia de que el peticionario haya sido encontrado culpable y convicto por los cargos a nivel federal.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte del presente dictamen, *denegamos* la expedición del recurso de *Certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones